PER CURIAM.
The defendant appeals his conviction for possession of cannabis and conspiracy to traffic in cannabis. The convictions, as modified, are affirmed.
The defendant was charged with trafficking in excess of one hundred pounds but less than two thousand pounds of cannabis, § 893.135, Fla.Stat. (1987), and conspiracy to traffic in cannabis, § 777.04, Fla.Stat. (1987). He was acquitted of trafficking but convicted of possession of a simple unspecified amount of cannabis as well as a conspiracy to traffic in cannabis. The evidence adduced by the state disclosed that more than two hundred pounds of cannabis was involved in the transaction. The jury was given the standard instructions on lesser included offenses. However, it was in no way instructed or informed to differentiate between possession of in excess of twenty grams of cannabis or less than twenty grams of cannabis. The jury’s verdict with respect to the possession count was as follows:
We, the jury, Miami, Dade County, Florida, this 21 day of April, A.D., 1987, find the defendant, Daryl Date, as to possession of cannabis, a lesser included offense of count I of the information: Guilty.
By acquitting the defendant of the charge of trafficking, it is apparent the jury exer *548 cised its pardon power. State v. Abreau, 363 So.2d 1063 (Fla.1978). Under the circumstances, it is impossible for us to assay from the record whether the jury intended to exercise its pardon power in defendant’s favor with respect to possession of more than twenty grams or less than twenty grams of cannabis. The only way the ambiguous verdict can stand is to recognize that the jury, having exercised its pardon power, did so in the defendant’s favor and only intended to convict him of possession of less than twenty grams of cannabis. For this reason, we reduce the conviction to that of possession of less than twenty grams of cannabis, which constitutes a misdemeanor. § 893.13(1)(g), Fla.Stat. (1987).
We agree with the defendant’s second claim, and the state’s confession of error, that Date’s conviction for conspiracy to possess cannabis only warrants his adjudication as a first-degree misdemeanant, § 777.04(4)(d), Fla.Stat. (1987), rather than as a third-degree felon.
The remainder of the defendant’s contentions have been answered adversely to him in the appeal of a codefendant, see Rojas v. State, 523 So.2d 1179 (Fla. 3d DCA 1988).
As modified, defendant’s convictions are affirmed.