COBB, Judge.
The defendant appeals from his convictions for aggravated battery, shooting into a building, and possession of a firearm by a convicted felon. He raises several grounds for reversal but we find only one error was committed below, an error in sentencing.
The defendant was sentenced to a minimum mandatory three year sentence of imprisonment on Count I, aggravated battery, based on use of a firearm.
Section 775.087, Florida Statutes provides in subsection (1) for reclassification of a felony (except for one in which the use of a firearm or weapon is an essential element) where during the commission of such felony, the defendant carries, displays, uses, threatens or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery. Subsection (2) contains minimum mandatory sentencing provisions for any person convicted of a designated felony (including aggravated battery) who had in his possession a “firearm” or “destructive device.”
In State v. Overfelt, 457 So.2d 1385 (Fla.1984) the defendant was convicted of attempted third degree murder and aggravated assault. The trial court reclassified the attempted third degree murder to a higher felony pursuant to section 775.087(1), based on the use of a weapon and also applied the minimum mandatory sentencing provision of section 775.087(2). The district court reversed both the reclassification and minimum mandatory portions of the sentencing order and the supreme court affirmed, stating:
The district court held, and we agree, “that before a trial court may enhance a defendant’s sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.” [Overfelt v. State ], 434 So.2d [945] at 948 [ (Fla. 4th DCA 1983) ]. [Other citations omitted.] The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury’s function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury’s historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm.
457 So.2d at 1387.
Overfelt, however, did not answer the question of whether a jury verdict which finds the defendant “guilty as charged” will suffice to permit reclassification or imposition of the minimum mandatory sentencing provisions where the language of the information specifically alleges that the defendant carried, displayed, used, etc. a weapon or firearm during the commission of the felony. This court held that where an information charges that a defendant committed a crime while armed with a firearm, and the jury finds him guilty “as charged,” a sufficient finding exists for imposition of the statutory minimum mandatory sentence. Wray v. State, 632 So.2d 682 (Fla. 5th DCA 1994), State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988).
In State v. Tripp, 642 So.2d 728 (Fla.1994), the supreme court has definitively answered the question by holding that an attempted first degree murder conviction could not be reclassified under 775.087(1) based on the use of a weapon where the information charged that the defendant used a weapon during the commission of the attempted first degree murder and the defendant was found guilty of “charges made against him in the Information.” The court, after referencing Overfelt, explained:
[W]e find that the jury did not make a sufficient finding that Tripp used a weapon *623 because there was no special verdict form reflecting a separate finding to this effect.
[[Image here]]
The special verdict form — not allegations in an information — indicates when a jury finds a weapon has been used.
642 So.2d at 730.
Overfelt makes clear that the same rules governing reclassification under subsection (1) apply to imposition of a minimum mandatory sentence under subsection (2); therefore, Tripp is applicable to both subsections.
In this case, the jury made no specific finding that a firearm was possessed during the commission of the aggravated battery. The second amended information charged in Count I that the defendant committed the aggravated battery by “caus[ing] great bodily harm, permanent disability or permanent disfigurement ... or in commission of said battery did use a deadly weapon, to wit: A firearm.” (R. 34). The jury simply found the defendant guilty as charged. This verdict is insufficient to support imposition of the minimum mandatory three year sentence on Count I for possession of a firearm.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED EXCEPT FOR THAT IMPOSED ON COUNT I WHICH IS VACATED AND THE CAUSE REMANDED FOR RESENTENCING ON THAT COUNT.
DAUKSCH and GOSHORN, JJ., concur.