667 So.2d 1018 (1996)
Kevin PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1214.
District Court of Appeal of Florida, Fifth District.
February 16, 1996.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Palmer argues on appeal that his sentence imposed on April 27, 1995 (111.75 months in prison, including a three year minimum mandatory sentence), should be vacated and this cause remanded for resentencing because the trial judge erroneously added to Palmer's score twenty-five points on his scoresheet for using a "semi-automatic" weapon. The state concedes error.
After a jury trial, Palmer was convicted of aggravated battery with a firearm. *1019 § 784.045(1)(a)2., Fla.Stat. (1993). Twenty-five points were imposed in this case for use of a semi-automatic weapon. This pushed Palmer's score up one bracket from ninety-two to one hundred seventeen. The sentence imposed was the maximum allowable under the guidelines, based on a score of one hundred seventeen.
Pursuant to rule 3.701(d)(12) (effective January 1, 1994), twenty-five additional points shall be added to the sentencing scoresheet for felony offenders who have in their possession a semi-automatic weapon. However, the rule specifically excludes from this additional point provision, felonies enumerated in subsection 775.087(2). Rule 3.701(d)(12) provides in pertinent part:
Possession of a firearm, destructive device, semi-automatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points.... Twenty-five sentence points shall be assessed where the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a semi-automatic weapon.... (emphasis supplied).
Section 775.087(2)(a) lists the following crimes:
[M]urder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking/entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes. (emphasis supplied)
This statute also imposes an eight-year calendar minimum sentence for the crimes enumerated in 775.087(2), if the offender possessed a semi-automatic firearm. Since this enhanced penalty is contemplated for those crimes enumerated, it makes sense to exclude them from the twenty-five additional point provision in the sentencing guidelines. In this case the statutory eight year minimum sentence is less than the 111.75 months sentence, which was imposed.
Sentence VACATED; REMANDED for Resentencing.
PETERSON, C.J., and GRIFFIN, J., concur.