PER CURIAM.
Dennis Carl Chestang (Chestang) directly appeals his judgment and sentence, arguing that his seoresheet erroneously contains the addition of “legal status violation” points. We agree and reverse.
Chestang pleaded nolo contendere to aggravated battery, a crime he committed on September 9, 1994, in Escambia County. The trial judge placed Chestang on probation with special conditions, which he subsequently violated by failing a random drug test. Chestang’s probation was revoked and he was sentenced to 21.3 months in prison — the minimum sentence possible under the erroneously calculated seoresheet.
The sentencing judge, over Ches-tang’s objection, added four points to the seoresheet for a “legal status violation.” Section 921.0011, Florida Statutes (1993) (Definitions), in effect at the time of Ches-tang’s crime,[1] provides:
(3) “Legal status violation” includes:
(a) An escape from incarceration.
(b) Flight to avoid prosecution.
(c) Failure to appear for a criminal proceeding.
(d) Violation of any condition of a super-sedeas bond.
It is undisputed that Chestang committed none of the above-listed “legal status violation” infractions. The judge nevertheless imposed four points, apparently pursuant to Florida Rule of Criminal Procedure 3.702(d)(9)(1994), which provides:
“Legal status violations” occur when a defendant, while under any of the forms of legal status listed in subsection [921.0011(3) ], commits an offense that results in conviction. Legal status violations *874 receive a score of k sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(Emphasis added.) Chestang however was not under legal status.[2] Chestang thus was assessed “4 sentence points” for legal status violation in error.
Chestang’s guidelines range, correctly calculated, is between 18.3 months (minimum) and 30.5 months (maximum). The record reveals the sentencing judge’s expressed desire to impose the minimum sentence possible upon Chestang; we thus conclude that Chestang was prejudiced by the erroneous addition of “legal status violation” points to his scoresheet.
We accordingly reverse and remand for resentencing upon a correctly calculated scoresheet.
MINER, ALLEN and LAWRENCE, JJ., concur.

. Art. X, § 9, Fla. Const. ("Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.”).

. The 1995 Legislature amended section 921.0011(3), Florida Statutes, so that one under "legal status" now includes one who: "(g) Is under any form of court-imposed or post-prison release community supervision.” Ch. 95-184, § 4, at 1678-79, Laws of Fla. This amendment however applies only to “offenses committed on or after October 1, 1995.” Ch. 95-184, § 4, at 1678, Laws of Fla. The amendment thus is inapplicable to Chestang.