687 So.2d 312 (1997)
Rodney Alton BUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-127.
District Court of Appeal of Florida, First District.
January 27, 1997.
Nancy A. Daniels, Public Defender, and Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges his conviction and sentence for a February 6, 1995, attempted second-degree murder. We affirm the conviction, but we vacate the sentence and remand for resentencing because of two scoresheet errors. We also direct the trial court to correct errors in the judgment.
The appellant's scoresheet should not have included an additional eighteen points for using a firearm because attempted second-degree murder is an enumerated crime under section 775.087(2)(a), Florida Statutes (1995). See Fla. R.Crim. P. 3.702(d)(12); Palmer v. State, 667 So.2d 1018 (Fla. 5th DCA 1996).
The appellant's scoresheet also should not have included four points for a legal status violation. Florida Rule of Criminal Procedure 3.702 provides that a legal status violation occurs when a defendant commits an offense while under any of the forms of legal status listed in Florida Statute *313 921.0011(3). Although the appellant's legal status points were scored because he was in a pretrial intervention program at the time of his offense, the section 921.0011(3), Florida Statutes (1994 Supp.), list does not include pretrial intervention programs. Legal status points were therefore improperly assessed against the appellant. See Chestang v. State, 679 So.2d 873 (Fla. 1st DCA 1996).
On remand, the trial court is directed to correct errors in the judgment. The judgment should be corrected to reflect that the appellant was convicted of attempted seconddegree murder with a firearm, a first-degree felony, and that sections 775.087 and 777.04 are applicable statutes.
The conviction is affirmed, the sentence is vacated, and the case is remanded for resentencing and for correction of the judgment.
ALLEN, MICKLE and PADOVANO, JJ., concur.