ON MOTION FOR REHEARING

PER CURIAM.
We grant Kevin Palmer’s motion for rehearing, withdraw our per curiam affirmance issued January 21, 1997, reverse Palmer’s sentence, and remand for resentencing.
Palmer appeals from the sentence imposed upon resentencing following his prior appeal from a conviction of aggravated battery with a firearm. See Palmer v. State, 667 So.2d 1018 (Fla. 5th DCA 1996) (Palmer I). He correctly contends that it was error to sentence him to a minimum mandatory eight-year prison term on the basis that he utilized a semi-automatic weapon when the information charged and the jury’s verdict merely found that he had used a “firearm.”[1]
Analogous eases have made it clear that Palmer’s possession of a semi-automatic weapon during the commission of the aggravated battery had to be charged in the indictment before his sentence could be enhanced on this basis. See, e.g., Mesa v. State, 632 So.2d 1094, 1097 (Fla. 3d DCA 1994) (possession of a firearm is “an essential element of the crime charged” which “must be alleged in the indictment or information” before enhancement is permitted pursuant to section 775.087, Florida Statutes); Cox v. State, 530 So.2d 464 (Fla. 5th DCA 1988) (fundamental error to enhance offenses and impose minimum mandatory sentence because of use of firearm in commission of offenses where defendant was not charged with possession of firearm under battery counts in amended information). Additionally, the verdict form contained no special finding that Palmer had used a semi-automatic weapon; instead, he was found guilty of aggravated battery “with a firearm.” Again, analogous cases indicate that this is insufficient to permit the enhancement of his sentence for use of a semiautomatic weapon. See, e.g., State v. Tripp, 642 So.2d 728 (Fla.1994) (error to reclassify felony and enhance sentence based on defendant’s use of a weapon absent special verdict form reflecting jury’s separate finding that defendant used weapon during commission of felony; a finding that defendant is guilty as charged is insufficient to constitute a finding that he used a weapon even though the information alleged use of a weapon during the commission of the offense); State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984) (“[B]efore a trial court may enhance a defendant’s sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.”) (quoting with approval Overfelt v. State, 434 So.2d 945, 948 (Fla. 4th DCA 1983)); Riley v. State, 654 So.2d 621 (Fla. 5th DCA) (error to impose minimum mandatory sentence for commission of felony while in possession of firearm absent specific jury finding that firearm was possessed during commission of the offense; verdict finding defendant guilty as charged and indictment charging use of firearm in commission of felony are insufficient to constitute a finding that the defendant used a firearm), cause dismissed, 659 So.2d 1088 (Fla.1995).
REVERSED and REMANDED for RE-SENTENCING.
PETERSON, C.J., and GOSHORN and GRIFFIN, 33., concur.

. In reversing, we recognize that the trial judge may have been misled by our dicta in Palmer I observing that section 775.087(2), Florida Statutes provides for an eight-year minimum sentence if the offender possessed a semi-automatic firearm.