LAWRENCE, Judge.
Ronnie Maurice Neal (Neal) appeals his convictions and sentence, arguing that the evidence of his crimes is insufficient, and that his sentencing scoresheet is calculated incorrectly. We affirm Neal’s convictions, and reverse for resentencing upon a correctly calculated scoresheet.
A jury found Neal guilty of attempted armed robbery with a firearm, kidnapping with a firearm, and first-degree murder. These crimes were committed on May 19, 1995, in Escambia County. The record contains competent substantial evidence to support the jury’s verdicts. Peterka v. State, 640 So.2d 59 (Fla.1994) (holding that, where competent substantial evidence supports a jury’s verdict, the trial judge properly denies a defendant’s motion for judgment of acquittal), cert. denied, 513 U.S. 1129, 115 S.Ct. 940, 130 L.Ed.2d 884 (1995). We therefore affirm Neal’s convictions without further discussion.
The trial judge sentenced Neal to life in prison for murder, and to 112 months in prison for Neal’s other offenses, concurrent with the life sentence. We affirm Neal’s life sentence for murder. Neal however correctly points out that, on the scoresheet signed by the sentencing judge, eighteen points were added to the scoresheet for the use of a firearm. It was error to add eighteen points for use of a firearm, because Neal’s crimes are among those crimes enumerated in section 775.087(2), Florida Statutes (1995). Florida Rule of Criminal Procedure 3.702(d)(12) directs that points for use of a firearm shall not be added for those crimes enumerated in section 775.087(2). See also Bush v. State, 687 So.2d 312 (Fla. 1st DCA 1997) (holding that the defendant’s sentencing scoresheet could not include eighteen points for using a firearm because defendant’s crime was an enumerated crime under section 775.087(2), Florida Statutes (1995)). The judge at sentencing announced his intention to impose the minimum sentence upon Neal for Neal’s non-life crimes, and did so (112 months), but upon an incorrectly calculated scoresheet. The minimum sentence upon a correctly calculated scoresheet would have been 98.5 months, rather than 112 *497 months. Neal thus was prejudiced by the error, and resentencing is required. Dortch v. State, 668 So.2d 1091 (Fla. 1st DCA 1996).
We therefore affirm in part, reverse in part, and remand for resentencing upon a correctly calculated scoresheet.
MINER and PADOVANO, JJ., concur.