701 So.2d 398 (1997)
Owen L. TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2323.
District Court of Appeal of Florida, Fifth District.
November 7, 1997.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.

EN BANC
W. SHARP, Judge.
We voted to en banc this case because the resolution of the issues raised on appeal are not clear under current case law, and their determination poses questions of great public importance.[1] Tucker argues that the trial court erred when it reclassified the two counts of attempted first degree murder with a firearm, from first degree felonies to life felonies, and in imposing three-year mandatory sentences for those convictions pursuant to sections 775.087(1) and (2), Florida Statutes (Supp.1996), effective July 1, 1996.[2] The *399 reclassifications increased Tucker's permissible sentencing range and resulted in a 31-year concurrent sentence for counts I and II (the attempted murder counts) with three year minimum mandatory sentences on each count, and 30 years for count III (armed burglary) concurrent with the other counts. We affirm.
Tucker argues that the trial court erred when it failed to include a box on the jury verdict form, by which the jury could make a special finding that a firearm was used in the attempted murder crimes. Tucker's counsel brought this matter to the trial judge's attention, but the court declined to include a special finding, agreeing with the state that such a finding was unnecessary because both victims had been shot with bullets.
We are bound by State v. Tripp, 642 So.2d 728 (Fla.1994), which requires that the jury must find on the verdict form that the defendant either carried, displayed, used, etc., a weapon or firearm, in order for the sentencing judge to reclassify the felony conviction pursuant to section 775.087(1). The same rule is applicable to the imposition of a mandatory sentence pursuant to section 775.087(2). Riley v. State, 654 So.2d 621 (Fla. 5th DCA 1995).
In this case, Tucker was charged with two counts of attempted first degree murder, armed burglary and shooting into an occupied dwelling. The information specified that Tucker used a firearm to commit the crimes, with regard to the attempted murder counts and the other counts. Indeed, the evidence at trial established that Tucker shot bullets into the bodies of his two victims, that he shot into the house, and that he broke into the dwelling of one of the victims with a firearm in hand. He was also the only assailant in the shooting incident, and the only defendant charged with the commission of these crimes.
Although the verdict form did not contain a special, separate finding that Tucker carried or used a firearm in the commission of these crimes, it did specify that a firearm had been used for each count for which the jury convicted Tucker. It provided:
As to Count I of the information in this case:
a. The Defendant is GUILTY OF ATTEMPTED FIRST DEGREE MURDER WITH A FIREARM as charged in the Information.
As to Count II of the Information in this case:
a. The Defendant is GUILTY OF ATTEMPTED FIRST DEGREE MURDER WITH A FIREARM as charged in the Information.
As to Count III of the Information in this case:
a. The Defendant is GUILTY OF ARMED BURGLARY OF A DWELLING as charged in the Information.
As to Count IV of the Information in the case:
a. The Defendant is GUILTY OF SHOOTING INTO AN OCCUPIED DWELLING as charged in the Information. *400 Other lesser included crimes for each count were provided on the verdict form, which did not encompass use of a firearm. Significantly, the jury elected the most serious crimes, which stated a firearm was used.
Under these circumstances, we question whether an additional separate, specific finding by the jury that Tucker used a firearm in committing these felonies is required, and conclude it would be superfluous. Nor do we think it is required by Tripp or Riley. In both of those cases, the verdict form stated the defendant was found guilty of the felonies, as charged in the information, but the verdict form did not contain a specific finding that the defendant used a weapon. The court in Tripp explained:
Although the information alleged that Tripp used a weapon during the commission of attempted first-degree murder, we find that the jury did not make a sufficient finding that Tripp used a weapon, because there was no special verdict form reflecting a separate finding to this effect.... The special verdict formnot allegations in an informationindicates when a jury finds a weapon has been used.
642 So.2d at 730.
The verdict form in this case was not technically a "special verdict form" as referenced in Tripp. However, it did more than merely reference the charges in the information. For each of these counts, the jury actually had to make a finding that a firearm was used. In our opinion, that is the essence of the Tripp requirements. We recognize, however, that had there been more than one assailant or defendant involved, a specific finding as to which defendant used a weapon would be necessary.
Although logical, we recognize that our interpretation of Tripp may be erroneous and we certify the following question to the Florida Supreme Court, as constituting an issue of great public importance:
IN A CASE IN WHICH THERE IS ONLY ONE DEFENDANT AND ASSAILANT, WHO HAS BEEN CONVICTED OF CRIMES FOR WHICH THE PENALTIES MAY BE ENHANCED PURSUANT TO SECTION 775.087(1) AND FOR WHICH MANDATORY SENTENCES MAY BE IMPOSED PURSUANT TO SECTION 755.087(2), IF THE DEFENDANT USED A WEAPON OR FIREARM IS IT SUFFICIENT TO SUSTAIN THOSE ENHANCED PENALTIES IF THE JURY FINDS THE DEFENDANT GUILTY OF HAVING COMMITTED THOSE FELONIES "WITH A FIREARM" AS CHARGED IN THE INFORMATION, OR MUST THERE ALSO BE A SEPARATE ADDITIONAL SPECIFIC VERDICT FORM THAT THE JURY FOUND THIS DEFENDANT COMMITTED THOSE CRIMES WITH A WEAPON OR FIREARM?
AFFIRMED; QUESTION CERTIFIED.
GRIFFIN, C.J., and COBB, GOSHORN, HARRIS, PETERSON and ANTOON, JJ., concur.
DAUKSCH, J., dissents with opinion in which THOMPSON, J., concurs.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
In State v. Tripp, 642 So.2d 728 (Fla.1994), the supreme court answered the following question in the negative:
MAY A TRIAL COURT RECLASSIFY A FELONY CONVICTION PURSUANT TO SECTION 775.087(1) ABSENT A SPECIFIC FINDING ON THE JURY'S VERDICT FORM THAT A DEFENDANT CARRIED, DISPLAYED, USED, ETC. ANY WEAPON OR FIREARM OR THAT HE COMMITTED AN AGGRAVATED BATTERY DURING THE COMMISSION OF THE FELONY SUBJECT TO RECLASSIFICATION?
In Riley v. State, 654 So.2d 621 (Fla. 5th DCA), dismissed, 659 So.2d 1088 (Fla.1995), this court reiterated the rule. This court must follow the dictates of our supreme court and we should follow the precedent set in this court.
This is the precise issue before this court so I must dissent from the affirmance. I note the state does not contest the point but merely asserts the error was not preserved. *401 It was preserved when defense counsel requested the verdict form to be done properly.
I would vacate the sentence and remand for a proper one.
THOMPSON, J., concurs.
NOTES
[1] Fla. R.App. P. 9.030(a)(2)(B)(i).
[2] Those sections provide:

775.087. Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
For purposes of sentencing under chapter 921 and determining incentive gain-time eligibility under chapter 944, a felony offense which is reclassified under this section is ranked one level above the ranking under Sec. 921.0012 or Sec. 921.0013 of the felony offense committed.
(2) Any person who is convicted of a felony or an attempt to commit a felony and the conviction was for:
(a) Murder;
(b) Sexual battery;
(c) Robbery;
(d) Burglary;
(e) Arson;
(f) Aggravated assault;
(g) Aggravated battery;
(h) Kidnapping;
(i) Escape;
(j) Aircraft piracy;
(k) Aggravated child abuse;
(l) Unlawful throwing, placing, or discharging of a destructive device or bomb;
(m) Carjacking;
(n) Home-invasion robbery; or
(o) Aggravated stalking
and during the commission of the offense, such person possessed a "firearm" or "destructive device" as those terms are defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 years. Notwithstanding s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld and the defendant is not eligible for statutory gaintime under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release under s. 947.149, prior to serving the minimum sentence.