713 So.2d 1039 (1998)
Luis Manuel ESTEVEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1376.
District Court of Appeal of Florida, Third District.
June 17, 1998.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Maya S. Saxena, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Luis Manuel Estevez appeals a minimum mandatory sentence imposed on a conviction for trafficking in cocaine. We reluctantly reverse.
Estevez was charged with trafficking in cocaine in excess of 400 grams and conspiracy to traffic in cocaine. The evidence at trial demonstrated that the charges stemmed from Estevez's attempt to purchase over four kilograms (over 4,000 grams) of what he believed was cocaine. The jury acquitted Estevez of the conspiracy charge. However, the jury returned a verdict finding Estevez guilty of trafficking but did not indicate on the verdict form the amount involved in the offense. The trial judge, who examined the incomplete and incorrect verdict form, did not request that the jury continue deliberating, but instead announced that there were "no errors or omissions in filling out the verdict form," and discharged the jury.[1] Immediately thereafter, the parties began discussing sentencing issues, and the omission was discovered. Over defense objection, Estevez was sentenced to serve the fifteen-year minimum mandatory term for trafficking in excess of 400 grams. § 893.135(1)(b), Fla. Stat. (1995).
The court erred in sentencing Estevez to the minimum mandatory term in the *1040 absence of a specific jury finding that the amount involved was 400 grams or more. This case is analogous to those cases that have reversed a reclassification of an offense based on the use of a firearm because the jury did not make the additional finding in its verdict that the defendant used a firearm. Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). Before a defendant can be subject to a minimum mandatory sentence pursuant to section 893.135(1)(b), the verdict form must contain a finding that the defendant committed the crime prohibited by the minimum mandatory sentencing statute. See State v. Tripp, 642 So.2d 728 (Fla.1994); State v. Overfelt, 457 So.2d 1385 (Fla.1984); Streeter. We are unable to accept the state's position that defendant waived this issue for review arguing that the defendant had the burden of ensuring the jury made this finding. See Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983), quashed in part, approved in part, 457 So.2d 1385 (Fla.1984). This burden is part and parcel of the state's burden of producing sufficient evidence to convict the defendant.
Here, as in Date v. State, 528 So.2d 547 (Fla. 3d DCA 1988), we cannot determine whether the jury's failure to make a specific finding as to the amount of cocaine the defendant was found guilty of trafficking in was an exercise of the jury's inherent power to pardon defendant. Therefore, we cannot affirm the imposition of the minimum mandatory sentence and must reverse that sentence and remand for imposition of a guidelines sentence.
We are constrained to point out that this required result seems both illogical and absurd in view of the uncontroverted evidence presented at trial that the amount in controversy exceeded 400 grams.[2] The cases that we are required to follow also present irreconcilable results when reviewed against the uncontroverted evidence. For this reason we certify the following question of great public importance to the supreme court:
DOES THE ABSENCE OF A SPECIFIC FINDING BY THE JURY ON THE VERDICT FORM THAT THE DEFENDANT IS GUILTY OF COCAINE TRAFFICKING IN AN AMOUNT OF 400 GRAMS OR MORE, IN THE FACE OF UNCONTROVERTED EVIDENCE THAT THE AMOUNT AT ISSUE EXCEEDED 400 GRAMS, PRECLUDE IMPOSITION OF A MINIMUM MANDATORY SENTENCE UNDER SECTION 893.135?
Sentence reversed; remanded for resentencing; question certified.
FLETCHER, J., concurs.
COPE, Judge, concurring.
I join Judge Shevin's opinion and would add that there could be no issue of waiver by the defendant for the simple reason that neither the defense nor the State saw the verdict form until after the jury was discharged. The defense raised the issue immediately upon seeing the verdict formbut the jury was gone and the case could not be resubmitted to the jury to make the omitted finding.
NOTES
[1] The verdict was taken by a substitute judge, not the judge who presided at the trial. Unfortunately, the substitute judge was laboring under the misconception that the verdict was complete because he misinterpreted an alteration on the verdict form.
[2] Defense counsel's questions, while examining Estevez, acknowledged that the amount of cocaine in question exceeded 400 grams [R-315].