ORFINGER, M., Senior Judge.
In a physical confrontation with one Michael Irvin, appellant pulled a knife with a five inch blade and in the ensuing struggle hit Irvin in the head with the butt of the knife and cut Irvin’s fingers. Charged and convicted of aggravated battery with a deadly weapon, appellant argues that the trial court erred in denying his motion for judgment of acquittal, and that at most he is guilty of simple battery.
The incident took place in the parking lot of a grocery store. There was testimony that it started when appellant approached the truck in which Irvin was sitting, struck the top of the truck with his hand, then struck Irvin on the head. When Irvin exited the truck, appellant pulled the knife and they struggled over it. It was during that struggle that appellant hit Irvin in the head with the butt of the knife and Irvin’s fingers were cut. The store owner heard the commotion, came out and broke up the fight.
Whether or not an object is a deadly weapon is a question of fact to be determined by the jury from the evidence, taking into consideration its size, shape and material and the manner in which it was used or was capable of being used. Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984). In moving for a judgment of acquittal, a defendant admits not only the facts stated and the evidence adduced by the state, but he also *358 admits, for the purposes of the motion, every conclusion favorable to the state that a fact finder might reasonably infer from the evidence. The court should not grant the motion unless the evidence is such that no view which the jury may lawfully take of it favorable to the state can be sustained under the law. Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 348 (Fla.1986).
On the evidence adduced, the trial court properly denied the motion for acquittal and correctly submitted the matter to the jury.
AFFIRMED.
GRIFFIN, C.J. and GOSHORN, J., concur.