726 So.2d 768 (1999)
Owen L. TUCKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 91,923.
Supreme Court of Florida.
January 21, 1999.
*769 Owen L. Tucker, pro se, Miami, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, Florida, for Respondent.
PER CURIAM.
We have for review Tucker v. State, 701 So.2d 398 (Fla. 5th DCA 1997), based upon the following certified question of great public importance:
IN A CASE WHERE THERE IS ONLY ONE DEFENDANT AND ASSAILANT, WHO HAS BEEN CONVICTED OF CRIMES FOR WHICH THE PENALTIES MAY BE ENHANCED PURSUANT TO SECTION 775.087(1) AND FOR WHICH MANDATORY SENTENCES MAY BE IMPOSED PURSUANT TO SECTION 755.087(2), IF THE DEFENDANT USED A WEAPON OR FIREARM, IS IT SUFFICIENT TO SUSTAIN THOSE ENHANCED PENALTIES IF THE JURY FINDS THE DEFENDANT GUILTY OF HAVING COMMITTED THOSE FELONIES "WITH A FIREARM" AS CHARGED IN THE INFORMATION, OR MUST THERE ALSO BE A SEPARATE ADDITIONAL SPECIFIC VERDICT FORM THAT STATES THE JURY FOUND THIS DEFENDANT COMMITTED THOSE CRIMES WITH A WEAPON OR FIREARM?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the first part of the certified question in the affirmative and find the latter, alternative question to be moot.
Petitioner Owen Tucker was convicted of two counts of attempted first-degree murder with a firearm, armed burglary, and shooting into an occupied dwelling. Tucker, 701 So.2d at 399. The trial judge reclassified the attempted first-degree murder counts from first-degree felonies to life felonies and imposed three-year mandatory sentences for those convictions. Id. at 398. The reclassifications increased the permissible sentencing range and resulted in a thirty-one-year concurrent sentence for counts I and II (the attempted murder counts) with three-year minimum mandatory sentences on each count, and a thirty-year concurrent sentence for count III (armed burglary) concurrent with the other counts. Id. at 399.[1]
Tucker appealed to the Fifth District asserting that the penalty enhancements were improper because the jury did not make a *770 separate finding in its verdict that he used a firearm. Although acknowledging that the verdict form did not contain a special, separate finding that Tucker carried or used a firearm in the commission of these crimes, the Fifth District noted that the jury specified in its verdict that a firearm had been used for each count. Id. at 400. Accordingly, the district court reasoned that while the verdict form was "not technically a `special verdict form' as referenced in Tripp... the jury actually had to make a finding that a firearm was used ... [which] [i]n our opinion... is the essence of the Tripp requirements." Id. Therefore, the court affirmed the trial court's reclassification of the felonies and the imposition of the mandatory minimum sentences. Id. Nevertheless, the court certified the aforementioned question. Id. In dissent, Judge Dauksch asserted that the majority's holding was contrary to State v. Tripp, 642 So.2d 728 (Fla.1994). Tucker, 701 So.2d at 400-01 (Dauksch, J., dissenting).

ANALYSIS
This case turns on whether the Fifth District reasonably interpreted this Court's holding in Tripp. To answer that question, we must first examine our decision in State v. Overfelt, 457 So.2d 1385 (Fla.1984). In Overfelt, the defendant was charged with several crimes, including two counts of attempted first-degree murder. Id. at 1386. On those charges, the jury found Overfelt guilty of the lesser included offenses of attempted third-degree murder on one count, and aggravated assault on the other count. Id. The trial judge reclassified the third-degree murder conviction as a third-degree felony, citing section 775.087(1), Florida Statutes (1983), which allowed the degree of the felony to be reclassified whenever the perpetrator of the felony carried, displayed, used, threatened, or attempted to use any weapon or firearm. Id. at 1386-87. When Overfelt appealed, the Fourth District reversed and, on subsequent review, this Court adopted its holding that "before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question" on a special verdict form. See id. at 1387 (quoting Overfelt v. State, 434 So.2d 945, 948 (Fla. 4th DCA 1983)).
In emphasizing the separate and distinct functions of judge and jury, this Court reasoned in Overfelt that:
Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury's historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm.

Id. (emphasis added). The underlying rationale in Overfelt was that the question of whether an accused actually possessed a firearm while committing a felony is a factual matter within the province of the jury. See 457 So.2d at 1387. Having found Overfelt guilty of lesser offenses, it was unclear whether the jury found he used a firearm.
This Court revisited the Overfelt issue in Tripp, where the defendant was convicted of attempted first-degree murder, aggravated battery with a deadly weapon, and attempted robbery with a deadly weapon. See State v. Tripp, 642 So.2d 728, 730 (Fla.1994). Although the jury verdict form did not contain a specific finding that Tripp used a deadly weapon during the commission of attempted first-degree murder, the trial judge reclassified that conviction from a first-degree felony to a life felony. Id.[2] The First District applied our holding in Overfelt and reversed. On review, this Court held that an attempted first-degree murder conviction could not be reclassified as a life felony and receive an enhanced sentence based on use of a weapon, *771 absent a specific finding on the jury's verdict form that a weapon was used during commission of the offense. See Tripp, 642 So.2d at 730. More specifically, we held that the jury's verdict that Tripp was guilty "of charges made against him in the Information" was insufficient to establish that a weapon was used, even though the information alleged that he used a weapon during the attempted first-degree murder. See id. As we held in Overfelt, we reiterated that "the trial court invaded the province of the jury when it reclassified the felony based on the use of a weapon." Id. In the end, we concluded that only a "special verdict form not allegations in an informationindicates when a jury finds a weapon has been used." Id.
More recently, this Court considered the same issue in State v. Hargrove, 694 So.2d 729 (Fla.1997), where the defendant was charged with murder by shooting the victim with a firearm. At trial Hargrove did not contest the State's assertion that he fired multiple shots at the victim, an accusation supported by the testimony of several witnesses. Id. at 730. Instead, the defense called no witnesses and argued, in both its opening and closing statements to the jury, that Hargrove was legally insane at the time of the shooting. Id. Hargrove was convicted of the lesser included offense of second-degree murder, after which the trial judge imposed a minimum mandatory sentence for use of a firearm. Id. On appeal, the Fourth District reversed the minimum mandatory sentence for use of a firearm based on Overfelt's requirement that "the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating." Hargrove v. State, 675 So.2d 1010, 1012 (Fla. 4th DCA 1996) (quoting Overfelt, 457 So.2d at 1387) (alteration in original). On review, we approved the Fourth District's decision, reasoning that:
Our decision in Overfelt encompasses cases where the evidence of a firearm is unrebutted. There must be a specific finding by the jury. Even where the use of a firearm is uncontested, the overriding concern of Overfelt still applies: the jury is the fact finder, and use of a firearm is a finding of fact. If the State wishes to guard against the recurrence of a situation such as in the instant case, it is in a position to do so: it has the right to propose an interrogatory on the verdict form asking whether or not the jury finds the defendant guilty of a crime involving use of a firearm. There was no such finding in this case. Also, this case does not involve a verdict of guilty "as charged," where the charge was a crime using a firearm. Such a verdict would specifically incorporate the finding. But this case was different: here, the defendant was convicted of a lesser included offense without a specific finding. There was no special verdict form, interrogatory, or even language in the verdict referencing a firearm.

694 So.2d at 730-31 (emphasis supplied). Our opinion also noted:
While a specific question or special verdict form is the clearest way by which the jury can make the finding necessary to support this enhancement, we note that Overfelt only requires "a clear jury finding." Accordingly, the mandatory minimum can be based on jury verdicts which specifically refer to the use of a firearm, or to the information where the information contained a charge of a crime committed with the use of a firearm. See, e.g., State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988) (verdict of "guilty as charged" for defendant charged with burglary with a firearm supported mandatory minimum); Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987) (mandatory minimum was supported where jury's verdict specifically referred to information which charged defendant with attempted first-degree murder with a firearm); Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986) (allowed jury verdict of guilty "as charged" to sustain mandatory minimum where information recited the use of a blunt instrument); Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986) (verdict of "manslaughter with firearm" was sufficient to constitute jury finding of use of firearm). *772 Id. at 731. We acknowledge that our discussions in Tripp and Hargrove about the sufficiency of a verdict finding a defendant guilty as charged in an information are somewhat confusing. However, the essential holding is the same: that the verdict form itself contain an express reference to the use of a firearm. We cautioned in Hargrove that the better practice is to include an interrogatory addressed to the firearm issue.

THIS CASE
Here, it appears that the jurythe trier of factdetermined that Tucker committed the crimes while using a firearm and incorporated this finding of fact into the jury's verdict: "guilty of attempted first degree murder with a firearm." Tucker, 701 So.2d at 399. Hence, there was specific language in the verdict referencing a firearm. See Hargrove, 694 So.2d at 731. In applying Hargrove's construction of Overfelt to this case, the fact that the jury verdict specifically incorporated the finding that Tucker was "guilty of a crime involving a firearm," appears to comport with the policy underlying Overfelt's original holding that juries must decide the factual matter "of whether an accused actually possessed a firearm while committing a felony." Overfelt, 457 So.2d at 1387.
Moreover, while this Court in Hargrove stated that a specific question or special verdict form is the clearest way a jury can make the finding necessary to support sentence enhancement, it also recognized that Overfelt only requires a "clear jury finding." 694 So.2d at 731. Under this analysis, an enhanced sentence should be upheld if based on a jury verdict which specifically refers to the use of a firearm, either as a separate finding or by the inclusion of a reference to a firearm in identifying the specific crime for which the defendant is found guilty. Id.
Although the verdict form in this case was not technically a "special verdict form" as described in Tripp, we conclude that the essential requirements espoused in that case, as well as Overfelt and Hargrove, have been met here. As noted above, the jury specifically found Tucker, among other things, "guilty of attempted first degree murder with a firearm." Tucker, 701 So.2d at 399 (emphasis supplied). That finding is a sufficiently reliable indicator that the Tripp requirement was met. Id. at 400.
Accordingly, in recognition of the specific nature of the jury's verdicts, we answer the first part of the certified question in the affirmative, thus rendering the second part of the question moot, approve the decision of the district court, and remand this matter for further proceedings consistent herewith.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD and PARIENTE, JJ., and OVERTON and KOGAN, Senior Justices, concur.
NOTES
[1] On appeal, the Fifth District detailed the evidence showing that Tucker used a firearm to commit the crimes: he shot bullets into the bodies of the two victims; he shot into the house; and he broke into the dwelling of one of the victims while possessing a firearm. See id. The court also noted that Tucker was the only assailant in the shooting incident and the only defendant charged with the commission of these crimes. See id.
[2] The judge also reclassified the attempted armed robbery conviction. Id.