745 So.2d 453 (1999)
Terry L. MASHBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1386.
District Court of Appeal of Florida, Fifth District.
November 12, 1999.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, J.
Terry Mashburn raises three issues in this appeal from the judgment and sentence on the charge of robbery with a firearm. Although two of Mashburn's contentions are without merit, we find that one issue warrants discussion and resentencing.
Mashburn was charged by information with robbery with a firearm[1] while wearing a mask. The evidence at trial showed that Mashburn was one of three men who robbed a Winn-Dixie supermarket where Mashburn formerly worked on the stock crew. Both eyewitnesses testified that one of the other robbers had a gun; however, only one testified that Mashburn had a gun. One of the eyewitnesses testified that the third robber had a knife. The jury returned a verdict finding Mashburn guilty of "armed robbery," with the special findings that Mashburn did not possess a firearm and that Mashburn wore a mask during the robbery. Mashburn was sentenced for robbery with a firearm.
Mashburn contends that the court erred in sentencing him for robbery with a firearm because the jury returned a verdict of guilt on "armed robbery" but also made the special finding that he did not carry a firearm. Mashburn submits that he should have been sentenced only for simple "robbery" because in Florida there is no such offense as "armed robbery" and because the jury made no specific finding regarding the use of a weapon. Mashburn argues that at most the jury verdict supports "robbery with a weapon."
In State v. Tripp, 642 So.2d 728 (Fla. 1994), the supreme court held that a felony could not be reclassified under subsection 775.087(1), Florida Statutes, where the jury merely found Tripp guilty of "charges made against him in the Information." There, even though the information alleged that a weapon was used in the first-degree murder attempt, the court found the jury's finding insufficient as to weapon *454 usage "because there was no special verdict form reflecting a separate finding to this effect." 642 So.2d at 730. The court noted that "`[t]he question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury,'" and that "[t]he special verdict formnot allegations in an informationindicates when a jury finds a weapon has been used." Id. (quoting State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984)); see also Palmer v. State, 692 So.2d 974 (Fla. 5th DCA 1997) (error to sentence defendant based on possession of semi-automatic weapon where jury merely found that defendant had used a "firearm").
In the instant case, the jury returned a verdict finding Mashburn of guilty of "armed robbery" along with a special finding that he did not possess a firearm. Although these findings are consistent under the principal theory on which the jury was instructed, the jury did not specify (because it was not asked to) what type of weapon it found was used in the robbery. Whether the weapon is a "firearm or other deadly weapon" or simply a "weapon" determines the level of the offense for scoring purposes.[2] "Whether or not an object is a deadly weapon is a question of fact to be determined by the jury from the evidence." White v. State, 723 So.2d 357, 357 (Fla. 5th DCA 1998); see also Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984).
Although defense counsel objected at the sentencing hearing to Mashburn being sentenced for robbery with a firearm, at trial the defense acquiesced in the use of the verdict form which gave the option of "armed robbery" without specification as to what type of weapon, if any, was used during the robbery. However, it has been held that the burden is on the State to ensure that a special finding is made and that a defendant does not waive the issue by not requesting a special form. See Estevez v. State, 713 So.2d 1039, 1040 (Fla. 3d DCA) ("We are unable to accept the state's position that defendant waived this issue for review arguing that the defendant had the burden of ensuring the jury made this finding. This burden is part and parcel of the state's burden of producing sufficient evidence to convict the defendant.") (citation omitted), review granted, 719 So.2d 893 (Fla.1998). But cf. Morris v. State, 658 So.2d 155, 156 (Fla. 1st DCA 1995) (finding any error in verdict form unpreserved as well as invited where defendant "affirmatively express[ed] his approval" of form).
Mashburn is correct that he should not have been adjudicated and sentenced for robbery with a firearm. On remand, he is to be resentenced for the offense of robbery with a weapon.
REVERSED and REMANDED for resentencing.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1997).
[2] It is clear from the record that the jury found that a weapon was used in the robbery by at least one of the three robbers. However, it was not asked, and therefore did not specify, what type of weapon was used.