NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHARLES CLARK, DOC #474089,      )
                                 )
            Appellant,           )
                                 )
v.                               )      Case No. 2D16-5292
                                 )
STATE OF FLORIDA,                )
                                 )
            Appellee.            )
_____)

Opinion filed August 30, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Charles Clark, pro se.


WALLACE, Judge.

Charles Clark appeals the summary denial of his postconviction motion

filed under Florida Rule of Criminal Procedure 3.800(a).  Although we affirm the

postconviction court's order in all respects, we write to explain our reasoning.

## I.  THE FACTUAL AND PROCEDURAL BACKGROUND

In December 1996, a jury convicted Mr. Clark of three crimes: (1) count

one, attempted second-degree murder with a weapon; (2) count two, robbery with a

deadly weapon; and (3) count three, obstructing an officer without violence. The information alleged that each of the three crimes was committed on September 6, 1996.

The crime of attempted second-degree murder charged in count one is a second-degree felony. See § 782.04(2), Fla. Stat. (Supp. 1996); § 777.04(4), Fla. Stat. (1995). However, the crime of attempted second-degree murder was reclassified as a first-degree felony based on the jury's finding that Mr. Clark committed the offense with a weapon. See § 775.087(1), Fla. Stat. (Supp. 1996). The trial court sentenced Mr. Clark as a habitual felony offender (HFO) to life in prison on counts one and two and to time served on count three. Mr. Clark took a direct appeal of his judgment and sentences, and this court affirmed. Clark v. State, 719 So. 2d 293 (Fla. 2d DCA 1998) (table decision). After the affirmance of his judgment and sentences, Mr. Clark has filed several prior postconviction motions.

In his most recent rule 3.800(a) motion, Mr. Clark raises two claims. First, he argues that his sentence on count one is illegal because the jury did not make the requisite finding that he carried, displayed, used, or threatened to use a weapon to support the reclassification of the conviction for attempted second-degree murder from a second-degree felony to a first-degree felony. See § 775.087(1)(b). As part of his first claim, Mr. Clark also alleges that "section 775.087(1) does not permit vicarious enhancement." Second, Mr. Clark alleges that although he qualified for sentencing on count one as an HFO, his sentence could not exceed the thirty-year HFO maximum for a second-degree felony because the jury's finding was insufficient.

The postconviction court summarily denied both of Mr. Clark's claims. On the first claim, the postconviction court ruled that the crime of attempted second-degree

murder was properly reclassified as a first-degree felony because the verdict form sufficiently reflected "a clear finding that Defendant committed the charged crimes with a weapon." The postconviction court denied Mr. Clark's second claim as successive.

## II. DISCUSSION

### A. The First Claim

The postconviction court properly denied Mr. Clark's first claim because the attempted second-degree murder charged in count one was properly reclassified from a second-degree felony to a first-degree felony. The Florida Supreme Court has held that in a case in which there is only one defendant, reclassification is proper as long as there is "a clear jury finding" that the defendant used a weapon or firearm. Tucker v. State, 726 So. 2d 768, 772 (Fla. 1999) (quoting State v. Hargrove, 694 So. 2d 729, 731 (Fla. 1997)) (holding that the jury's verdict that the defendant was "guilty of attempted first degree murder with a firearm" was sufficient to support reclassification under section 775.087(1) where there was only one defendant and assailant). Here, there is no indication that Mr. Clark has a codefendant or that another assailant was involved in the underlying events. The information attached to the postconviction court's order alleged that Mr. Clark, not someone else, struck the victim with "a brick and/or shovel." Furthermore, as was the case in Tucker, the verdict form attached to the order under review clearly referenced the use of a weapon in the commission of the offense. See Tucker, 726 So. 2d at 772. Under these circumstances, the jury's finding that Mr. Clark used a weapon was sufficient to support the reclassification of the offense from a second-degree felony to a first-degree felony. To the extent that Mr. Clark argues that the crime charged in count one was subject to improper "vicarious enhancement," the

claim is without merit because Mr. Clark did not have a codefendant. See State v. Rodriguez, 602 So. 2d 1270, 1271 (Fla. 1992) ("[S]ection 775.087(1) does not, by its terms, allow for vicarious enhancement because of the action of a codefendant."). Thus, the postconviction court properly denied Mr. Clark's first claim.

## B. The Second Claim

In his second claim, Mr. Clark asserted that—despite his sentencing as an HFO—he could not properly be sentenced to more than thirty years in prison. The postconviction court denied Mr. Clark's second claim as successive. However, the order of June 2015 that the postconviction court attached to the order under review as support for its ruling reflects that Mr. Clark previously alleged a different error, claiming that the trial court's oral pronouncement of sentence did not comport with the written sentence. This is not the claim that he asserts in his current claim.

Nevertheless, the second claim lacks merit. As noted above, the offense of attempted second-degree murder with a weapon alleged in count one of the information was properly reclassified as a first-degree felony. Section 775.084(4)(a)(1) provides that a trial court "may sentence the habitual felony offender . . . [i]n the case of a life felony or a felony of the first degree, for life." Mr. Clark does not argue that he did not qualify for an HFO sentence. Thus, because he was convicted of a first-degree felony and qualified as an HFO, he was properly sentenced to life in prison on count one of the information.

## III. CONCLUSION

For the foregoing reasons, we affirm the postconviction court's order that summarily denied Mr. Clark's rule 3.800(a) motion.

Affirmed.

CRENSHAW and BADALAMENTI, JJ., Concur.