610 So.2d 1311 (1992)
Vinney TRIPP, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1540.
District Court of Appeal of Florida, First District.
December 22, 1992.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
*1312 WIGGINTON, Judge.
Appellant appeals his convictions of and sentences for attempted first-degree murder, aggravated battery and attempted robbery. After considering all of appellant's arguments on appeal, we affirm his convictions but reverse his sentences and remand for resentencing.
After jury trial, appellant was found guilty of the above three offenses based upon evidence produced at trial that he entered a convenience store and repeatedly struck the store clerk with a claw hammer, rendering her incapacitated. He then unsuccessfully attempted to open the cash register drawer, after which he again beat the clerk with the claw hammer. The victim sustained severe physical injuries.
The charging document alleged that appellant unlawfully, from a premeditated design to effect the death of the victim or while engaged in a felony, a robbery, did attempt to murder the victim by hitting her "in the head with a claw hammer and in the course of said crime he did carry, display, use, threaten or attempt to use a weapon, to wit: a claw hammer or did commit an aggravated battery... ." He was also charged with aggravated battery with a deadly weapon and robbery with a deadly weapon. The jury found him guilty of the greatest crimes listed on the verdict form: "attempted murder in the first degree"; "aggravated battery with a deadly weapon causing great bodily harm, permanent disability, or permanent disfigurement"; and "attempted robbery with a deadly weapon."
The judgment classifies the attempted first degree murder conviction as a first degree felony, pursuant to sections 782.04 and 777.04, Florida Statutes, and the attempted armed robbery conviction as a second degree felony, pursuant to sections 812.13 and 777.04, Florida Statutes. However, citing "deadly weapon" as the reason, the scoresheet reflects that the attempted first-degree murder conviction was reclassified as a life felony, presumably pursuant to section 775.087(1), Florida Statutes. The scoresheet also reflects that the attempted armed robbery count was reclassified as a first-degree felony with "aggravated battery" cited as the reason.
Section 775.087(1) provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified... . (Emphasis supplied.)
As the state concedes, reclassification of the attempted armed robbery offense under section 775.087(1) was improper since that offense is a felony in which the use of a weapon is an essential element. See Gonzalez v. State, 585 So.2d 932 (Fla. 1991).
Attempted first degree murder is not an offense in which use of a weapon is an essential element. Thus, that offense is subject to reclassification pursuant to section 775.087(1) under appropriate circumstances. In examining the circumstances of the instant case, we find that both the charging document and the proof adduced at trial not only support a determination that both a weapon was used and an aggravated battery was committed during the commission of the offense of attempted first degree murder, but also establish that, in this particular case, all three offenses involved those acts and were necessarily integrally related. However, the verdict form contained no specific jury finding that appellant used a deadly weapon or committed an aggravated battery during the commission of attempted first-degree murder. The pivotal question to be determined is whether the application of the reclassification mandate of section 775.087(1) is precluded due to the absence of that particular jury finding.
In State v. Overfelt, 457 So.2d 1385 (Fla. 1984), the court agreed with the Fourth District Court of Appeal's holding:
`that before a trial court may enhance a defendant's sentence or apply the mandatory *1313 minimum sentence for use of a firearm [pursuant to section 775.087, Florida Statutes], the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.'
The court also cited Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984), Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984), Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982), and Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981) and further declared:
The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury's historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm.
See also Chapman v. State, 597 So.2d 431 (Fla. 2nd DCA 1992) and Alejo v. State, 483 So.2d 117 (Fla. 2nd DCA 1986), in which the court found error in the reclassification of offenses under section 775.087(1) in the absence of the requisite specific jury finding.
In Streeter, the court concluded that the fact that the jury had found, in regard to other counts, that the defendant possessed a weapon during the commission of the felonies being reclassified did not supply the trial court with a basis to reclassify those felonies since the jury did not make findings specifically in regard to the reclassified felonies that the defendant had used a weapon during the commission of those crimes. In light of Overfelt, Chapman, Alejo and Streeter, it appears that, although in this case the charging documents alleged, the evidence showed, and the jury specifically found that appellant committed an aggravated battery and used a weapon in the course of his criminal episode, which included the offense of attempted first-degree murder, those circumstances are insufficient to support reclassification of the attempted first-degree murder offense in this case in the absence of the necessary jury finding specifically as to that offense.
Therefore, we reverse the reclassification of the attempted first-degree murder and attempted armed robbery counts and remand for resentencing without reclassification. However, we certify the following question to the supreme court:
DOES THE ABSENCE OF A SPECIFIC FINDING BY THE JURY ON THE VERDICT FORM THAT THE DEFENDANT EITHER CARRIED, DISPLAYED, USED, ETC. ANY WEAPON OR FIREARM OR THAT HE COMMITTED AN AGGRAVATED BATTERY DURING THE COMMISSION OF THE FELONY SUBJECT TO BEING RECLASSIFIED PRECLUDE EXECUTION OF THE MANDATORY LANGUAGE OF 775.087(1) WHICH REQUIRES THE RECLASSIFICATION OF OFFENSES UNDER CERTAIN CIRCUMSTANCES?
SMITH, J., concurs.
WOLF, J., concurring in part and dissenting in part with written opinion.
WOLF, Judge, concurring in part and dissenting in part.
I concur in the result, but do not agree that it is necessary or appropriate to certify a question to the supreme court. As indicated in the court's opinion, the jury made no finding that the appellant used a deadly weapon or committed an aggravated battery during the commission of the attempted first-degree murder. The judgment classified the attempted first-degree murder as a first-degree felony. There was absolutely no basis for classifying the attempted *1314 first-degree murder as a life felony on the guidelines scoresheet.