ON MOTION FOR REHEARING

ERVIN, Judge.
Appellant, Michael Majors, appeals the denial of his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm on all points with the exception of appellant’s argument that his convictions for attempted first-degree murder should have been reclassified as life felonies under section 775.087(l)(a), Florida Statutes (1989), thereby precluding application of habitual violent felony offender sanctions. We agree, and therefore reverse the enhanced sentences imposed for appellant’s habitual felony classification and remand for further proceedings.
Attempted first-degree murder is a first-degree felony. §§ 782.04(l)(a), 777.04(4)(a), Fla.Stat. (1989). It does not require as an essential element the use of a firearm; therefore, it must be reclassified under section 775.087(l)(a), Florida Statutes (1989), as a life felony once the jury finds that the defendant used a firearm during the commission of the crime. Strickland v. State, 437 So.2d 150, 152 (Fla.1983).
In the case at bar, the jury specifically found that appellant carried a firearm during the commission of the offenses; consequently, the court was required to reclassify the offenses as life felonies. Strickland. Although appellant’s life sentences therefor are appropriate, the imposition of habitual violent felony offender sanctions is not. See Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990) (habitual violent felony offender statute does not provide any basis for enhancing sentence of defendant convicted of life felony). And see McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991) (reversing sentence for attempted first-degree murder, because conviction had been reclassified as a life felony under section 775.087(l)(a), thus trial court could not also sentence defendant as a habitual violent felony offender).
The motion for rehearing is granted in part and denied in part.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BARFIELD and BENTON, JJ., concur.