642 So.2d 728 (1994)
STATE of Florida, Petitioner,
v.
Vinney TRIPP, Respondent.
No. 81119.
Supreme Court of Florida.
July 7, 1994.
Rehearing Denied September 26, 1994.
*729 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Criminal Appeals, Asst. Atty. Gen., and Gypsy Bailey and Giselle Lylen Rivera, Asst. Attys. Gen., Tallahassee, for petitioner.
Nancy C. Daniels, Public Defender and Glen P. Gifford, Asst. Public Defender, Tallahassee, for respondent.
HARDING, Justice.
We have for review Tripp v. State, 610 So.2d 1311 (Fla. 1st DCA 1992), in which the district court certified this question:
DOES THE ABSENCE OF A SPECIFIC FINDING BY THE JURY ON THE VERDICT FORM THAT THE DEFENDANT EITHER CARRIED, DISPLAYED, USED, ETC. ANY WEAPON OR FIREARM OR THAT HE COMMITTED AN AGGRAVATED BATTERY DURING THE COMMISSION OF THE FELONY SUBJECT TO BEING RECLASSIFIED PRECLUDE EXECUTION OF THE MANDATORY LANGUAGE OF SECTION 775.087(1) WHICH REQUIRES THE RECLASSIFICATION OF OFFENSES UNDER CERTAIN CIRCUMSTANCES?
We have jurisdiction based on article V, § 3(b)(4) of the Florida Constitution.
We rephrase the certified question thusly:
MAY A TRIAL COURT RECLASSIFY A FELONY CONVICTION PURSUANT TO SECTION 775.087(1) ABSENT A SPECIFIC FINDING ON THE JURY'S VERDICT FORM THAT A DEFENDANT CARRIED, DISPLAYED, USED, ETC. ANY WEAPON OR FIREARM OR THAT HE COMMITTED AN AGGRAVATED BATTERY DURING THE COMMISSION OF THE FELONY SUBJECT TO RECLASSIFICATION?
We answer the rephrased certified question in the negative and approve the district court's opinion, which reversed the trial court's reclassification of attempted first-degree murder. The verdict form indicated that the jury found Tripp guilty of attempted first-degree murder as charged in the information, but did not include a specific finding by the jury that Tripp used a weapon. Without this finding, the trial court should not have reclassified Tripp's attempted first-degree murder conviction pursuant to section 775.087(1), Florida Statutes (1987).[1]
*730 Tripp seriously injured a convenience store clerk when he hit her repeatedly with a claw hammer during an attempted robbery. The charging document alleged that Tripp had a premeditated plan to kill the victim while he was engaged in a robbery. The information further alleged that Tripp tried to murder the victim by hitting her in the head with a claw hammer, and "in the course of said crime he did carry, display, use, threaten or attempt to use a weapon, to wit: a claw hammer or did commit an aggravated battery." In addition to attempted first-degree murder, Tripp was charged with aggravated battery with a deadly weapon and attempted robbery with a deadly weapon.
A jury found Tripp guilty of all three charges. The verdict form did not include a specific jury finding that Tripp used a deadly weapon or committed an aggravated battery during the commission of attempted first-degree murder. At sentencing, the trial court, apparently relying on section 775.087(1), reclassified the attempted first-degree murder conviction from a first-degree felony to a life felony because of a deadly weapon. The trial court also reclassified the attempted armed robbery conviction.
The First District Court of Appeal affirmed Tripp's convictions but reversed his sentences for attempted first-degree murder and attempted armed robbery.[2]Tripp, 610 So.2d 1311. In reversing the attempted first-degree murder sentence, the court relied on State v. Overfelt, 457 So.2d 1385 (Fla. 1984), and found that before a sentence can be enhanced pursuant to section 775.087, the jury must make a factual finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime involving a firearm or by answering a specific question on a special verdict form. Id. at 1312-13 (citing Overfelt).
We agree with the district court. The jury found Tripp guilty of "charges made against him in the Information." Although the information alleged that Tripp used a weapon during the commission of attempted first-degree murder, we find that the jury did not make a sufficient finding that Tripp used a weapon because there was no special verdict form reflecting a separate finding to this effect. Thus, the trial court invaded the province of the jury when it reclassified the felony based on the use of a weapon.
Without a special verdict form, reclassification of Tripp's attempted first-degree murder conviction to a life felony was inappropriate. As we held in Overfelt, "[t]he question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury." 457 So.2d at 1387. The special verdict form  not allegations in an information  indicates when a jury finds a weapon has been used.
Accordingly, we answer the rephrased certified question in the negative. We approve the district court's decision reversing the trial court's reclassification of attempted first-degree murder and remanding for resentencing without reclassification.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW and KOGAN, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Section 775.087(1), Florida Statutes (1987), provides in relevant part:

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified... .
[2] The district court properly reversed the reclassification of Tripp's attempted armed robbery conviction. Reclassification was improper under section 775.087(1) because attempted armed robbery is a felony in which the use of a weapon is an essential element. See Tripp, 610 So.2d at 1312.