PER CURIAM.
Derrick Robinson appeals the summary denial of his motion to correct illegal sentence, asserting that the three-year minimum mandatory sentence dictated by section 775.-087(2), Florida Statutes (1989), was illegally imposed because he allegedly did not possess a firearm during the commission of the offense. The trial court treated the motion as one requesting postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and denied it as untimely. We reverse and remand.
This court has previously held that a three-year minimum mandatory sentence is illegal where the record does not demonstrate any factual basis for the plea and the appellant shows prejudice. See Brown v. State, 633 So.2d 112 (Fla. 2d DCA 1994); Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993).
Robinson’s motion on its face indicates that he may have been prejudiced by application of section 775.087(2). As the trial court did not reach the merits of that argument, we remand for the court to determine if Robinson’s claim can be refuted by the record. If *1201 not, the trial court shall conduct an evidentia-ry hearing to address Robinson’s allegations.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND and QUINCE, JJ., concur.