LAZZARA, Judge.
Efrain Jaramillo argues in this appeal that the trial court erred in enhancing his conviction for second degree murder with a firearm from a felony of the second degree to a felony of the first degree based on the provisions of section 775.087(1), Florida Statutes (1991). We agree with his contention, vacate the sentences imposed as to all convictions, and remand for resentencing with a corrected sentencing guidelines seoresheet.
The appellant was charged by information with one count of attempted first degree murder with a firearm, one count of aggravated assault with a firearm, and one count of shooting at, within, or into a building. The jury found him guilty of the lesser-included offense of attempted second degree murder with a firearm and guilty as charged as to the other two counts. The jury, however, by way of a specific question on the verdict form, found that appellant, during the commission of the attempted murder and aggravated assault, did not “personally, as opposed to being a principal, carry, display, use, threaten or attempt to use a firearm.” The evidence at trial, in that regard, demonstrated that appellant was the driver of a van used in a drive-by shooting.
At sentencing, the trial court enhanced the attempted second degree murder with a firearm conviction from a second degree felony to a first degree felony under section 775.087(1). This statutory provision mandates an upward reclassification of the degree of a felony where, “during the commission of such felony the defendant carries, • displays, uses, threatens, or attempts to use any weapon or firearm ...” In reclassifying the offense, it is apparent that the trial court focused solely on the jury’s basic verdict finding the defendant guilty of attempted second degree murder with a firearm and did not take into account its specific finding that he did not personally use a firearm during the commission of the offense.[1] We conclude that the jury’s specific finding precluded enhancement.
The supreme court in State v. Tripp, 642 So.2d 728 (Fla.1994), recently held that a trial court cannot reclassify the degree of a felony conviction pursuant to section 775.087(1) without a specific finding by the jury on the verdict form that a defendant used a weapon or firearm during the commission of the felony subject to enhancement. *842 In reaffirming its earlier holding in State v. Overfelt, 457 So.2d 1385 (Fla.1984), that it is for the jury to decide whether a defendant actually possessed a firearm during the commission of a felony, the court noted that absent such a jury finding, a trial court invades the province of the jury if it reclassifies a felony based on the use of a weapon. The court went on to state that “[t]he special verdict form — not the allegations in an information — indicates when a jury finds a weapon has been used.” 642 So.2d at 730.
In this case, although the jury found the appellant guilty of the lesser charge of attempted second- degree murder with a firearm lodged against him in the information, nevertheless, it specifically found that during the commission of this offense he did not. personally use a firearm. Thus, based on Tripp, the trial court was prohibited from reclassifying this offense from a felony of the second degree to a felony of the first degree. Accordingly, we reverse the reclassification of this offense and remand with directions to amend the judgment to reflect that appellant’s conviction for attempted second degree murder is a second degree felony.
We note that had the attempted second degree murder conviction been properly scored as a second degree felony, appellant’s sentencing guidelines scoresheet for all three offenses would reflect a recommended sentencing range two cells lower than originally calculated. We also note that the sentences imposed still fall within the upper limit of the permitted range of a properly calculated scoresheet. We are unable to conclude from this record, however, that “the trial court would have extended the sentence[s] into the farthest reach of the permitted range had it considered an accurate scoresheet.” Najar v. State, 614 So.2d 644, 645 (Fla. 2d DCA 1993).[2] Thus, we vacate all three sentences and remand for resentencing with a properly calculated scoresheet. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved on other grounds, 586 So.2d 340 (Fla.1991).
Reclassification reversed, sentences vacated, and case remanded for resentencing with directions.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.

. The trial court was correct, however, in not reclassifying the degree of the offense for aggravated assault with a firearm and in not imposing a three year mandatory prison term for this offense under section 775.087(2)(a). See Harrelson v. State, 624 So.2d 828 (Fla. 1st DCA 1993); Chaney v. State, 621 So.2d 572 (Fla. 5th DCA 1993).

. The trial court sentenced appellant to the least amount of incarceration under the recommended range.