667 So.2d 936 (1996)
George Anthony HUBBARD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04503.
District Court of Appeal of Florida, Second District.
February 9, 1996.
PER CURIAM.
George Hubbard challenges the trial court's denial of his motion permitted by Florida Rule of Criminal Procedure 3.800(a). In his motion he asserts that a three-year mandatory sentence was imposed for the offense of armed burglary, but he claims the evidence did not establish that he was ever in possession of a firearm during the offense. The court denied the motion on the grounds that the resolution of this question requires *937 an evidentiary determination, and, thus, is not cognizable on a motion to correct an illegal sentence. This court has determined to the contrary, and we reverse.
In Brown v. State, 633 So.2d 112 (Fla. 2d DCA 1994), we held that a challenge to the imposition of a three-year minimum sentence imposed pursuant to section 775.087(2), Florida Statutes (1989), is appropriately raised in a motion to correct illegal sentence.[1] Accordingly, we reverse this matter with directions to the trial court to assess the merits of Hubbard's allegations. If they are not refuted by the record, an evidentiary hearing will be required. See Robinson v. State, 640 So.2d 1200 (Fla. 2d DCA 1994).
Appellate review of any subsequent order from the trial court must be filed within thirty days of its rendition.
Reversed and remanded with directions.
FRANK, A.C.J., and BLUE and FULMER, JJ., concur.
NOTES
[1] See footnote three of Judge Altenbernd's dissent for the history of this court's treatment of this issue in Brown v. State, 633 So.2d 112, 117 (Fla. 2d DCA 1994).