688 So.2d 1005 (1997)
Gregory WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03664.
District Court of Appeal of Florida, Second District.
February 28, 1997.
*1006 PER CURIAM.
Gregory White challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion White alleges that his sentence is illegal because the trial court enhanced his second degree murder conviction to a life felony and imposed a three-year minimum mandatory sentence without a jury finding that White possessed a firearm. The trial court denied the motion citing Wooden v. State, 589 So.2d 372 (Fla. 1st DCA 1991), for the proposition that these issues can be raised only on direct appeal. We reverse.
This court has held consistently that a challenge to the imposition of a three-year minimum sentence imposed pursuant to section 775.087(2), Florida Statutes (1989), based on the alleged lack of possession of a weapon, is appropriately raised in a motion to correct illegal sentence. Hubbard v. State, 667 So.2d 936, 937 (Fla. 2d DCA 1996). A challenge to the reclassification of a felony based on possession of a weapon or firearm pursuant to section 775.087(1), Florida Statutes (1989), should not be treated differently. See Reyes v. State, 676 So.2d 31 (Fla. 2d DCA 1996); Majors v. State, 636 So.2d 876 (Fla. 1st DCA 1994).
Accordingly, we reverse this matter with directions to the trial court to attach the jury finding that White committed the crime while using a firearm, which can be either by "finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating." State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984).[1] If no such jury finding exists, the trial court must resentence White without the three-year minimum or the reclassification to a life felony.
Appellate review of any subsequent order from the trial court must be filed within thirty days of its rendition.
THREADGILL, C.J., and SCHOONOVER and BLUE, JJ., concur.
NOTES
[1] White's crimes were committed in 1989, prior to State v. Tripp, 642 So.2d 728 (Fla. 1994), which holds: "The special verdict formnot allegations in an informationindicates when a jury finds a weapon has been used."