690 So.2d 695 (1997)
Steve LYONS, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2513.
District Court of Appeal of Florida, Third District.
April 2, 1997.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Cynthia A. Greenfield, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, Judge.
Steve Lyons appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Steve Lyons was convicted of two counts of armed robbery and *696 one count of conspiracy to commit armed robbery. The amended information specified that the conspiracy count was being charged under sections 777.04 and 812.13, Florida Statutes (1991), as a second degree felony.[1]
On the armed robbery counts the jury was instructed on the main charge and lesser included offenses. The lesser included offenses appeared on the jury verdict form.
On the conspiracy charge, however, the jury was instructed solely on the offense of conspiracy to commit robbery with a deadly weapon. There were no instructions on lesser included offenses. The jury verdict form contained two choices: "Not Guilty" or "Guilty as Charged in the Information: Conspiracy to Commit Robbery F.S. 777.04/812.13." There was no objection to the verdict form.
The jury found the defendant guilty as charged on all counts. The court entered judgment classifying the conspiracy count as a second degree felony. On the conspiracy count, defendant was adjudicated to be a habitual violent felony offender and sentenced to thirty years imprisonment. See id. § 775.084(4)(b)2.
By motion for postconviction relief, defendant argues that the text of the verdict form states "Conspiracy to Commit Robbery," not conspiracy to commit armed robbery or robbery with a deadly weapon. Defendant argues that the verdict must be treated as having found him guilty only of conspiracy to commit robbery. He contends that the conspiracy count must be reduced from a second degree felony to a third degree felony. See §§ 777.04(4)(c), 812.13(2)(c), Fla.Stat. (1991).[2]
The trial court denied postconviction relief, stating that "[t]he failure to include `armed' in the jury verdict form was a typographical oversight...." We agree with the trial court on this point. The jury was told that the charge was conspiracy to commit robbery with a deadly weapon. The jury was instructed that, in order to convict, it must find that the defendant intended that the offense of robbery with a deadly weapon be committed.[3] There were no instructions on any lesser included offenses. The jury was given the verdict form without objection.
Since the only crime placed before the jury on this count was conspiracy to commit robbery with a deadly weapon, postconviction relief was correctly denied. The typographical error was immaterial, and there is no danger that the jury was misled. We note that on counts one and two, defendant was found guilty of robbery with a deadly weapon. The conspiracy charge related to the same armed robberies. See Delvalle v. State 653 So.2d 1078, 1079 (Fla. 5th DCA), rev. denied, 662 So.2d 931 (1995); see also Robinson v. MacKenzie, 508 So.2d 1285, 1286 (Fla. 3d DCA 1987).
Defendant argues, however, that under the decision in State v. Tripp, 642 So.2d 728 (Fla.1994), the verdict form should have had a specific interrogatory regarding the use of a deadly weapon. Tripp was not announced until after defendant's conviction became final. He argues, however, that Tripp is retroactive.
First, Tripp is not retroactive. In Tripp, the defendant was convicted of attempted first degree murder. The state sought to reclassify the offense from a first degree felony to a life felony based on the defendant's *697 use of a deadly weapon. In so doing, the state invoked subsection 775.087(1), Florida Statutes (1987), but the jury had made no finding that the defendant had used a deadly weapon. Reiterating its earlier holding in State v. Overfelt, 457 So.2d 1385 (Fla.1984), the court held that the enhancement statute could not be applied. 642 So.2d at 730. Clearly this was an application or evolutionary refinement of existing law, namely Overfelt, and did not satisfy the test for retroactivity. See Witt v. State, 387 So.2d 922, 929 (Fla.1980).
Second, Tripp and Overfelt analyzed the requirements for a verdict form where the state was relying on subsection 775.087(1), Florida Statutes. Tripp and Overfelt do not apply here, because subsection 775.087(1) is not involved in this case.
After reviewing the record in this appeal, it appears to the court that the written sentencing orders may not conform to the oral pronouncements of the trial court at the sentencing hearing. Further proceedings on this point should be initiated by written motion filed by the state. Defendant must be represented by counsel at such proceedings.
Affirmed.
NOTES
[1] Since armed robbery is a first degree felony punishable by life imprisonment, id. § 812.13(2)(a), the conspiracy charge is a second degree felony. Id. § 777.04(4)(b).
[2] Defendant suggests that his claim is cognizable either as a motion under Florida Rule of Criminal Procedure 3.800(a) or 3.850. Under the decision in Chanquet v. State, 646 So.2d 834 (Fla. 3d DCA 1994), the remedy would be Rule 3.850.
[3] The jury instructions stated, in part:

Count III, criminal conspiracy.
Before you can find a defendant guilty of criminal conspiracy, the State must prove the following two elements beyond a reasonable doubt.
1. The intent of the defendant was that the offense of robbery with a deadly weapon would be committed.
2. In order to carry out the intent, Steve Lyons agreed, conspired, combined or confederated with Juan Hernandez and George Lyons to cause the offense of robbery with a deadly weapon to be committed, either ... by them or one of them or by some other person.