704 So.2d 161 (1997)
Ronald ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03434.
District Court of Appeal of Florida, Second District.
December 10, 1997.

*162 EN BANC

PER CURIAM.
Ronald Robinson challenges the trial court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Robinson alleges that his sentence is illegal because the trial court enhanced his attempted first-degree murder conviction to a life felony without a jury finding that he possessed a weapon. The court in State v. Tripp, 642 So.2d 728 (Fla.1994), held that it was error to reclassify a felony pursuant to section 775.087(1), Florida Statutes (1991), without a specific jury finding on the use of a weapon. Robinson argues that his guidelines scoresheet was miscalculated due to this erroneous reclassification and that his guidelines cell would be changed from a recommended range of seventeen to twenty-two years' incarceration to twelve to seventeen years. The trial court denied the motion, citing Lyons v. State, 690 So.2d 695 (Fla. 3d DCA 1997), for the proposition that Tripp does not apply retroactively to cases which were final at the time it was decided.
This court held in White v. State, 688 So.2d 1005 (Fla. 2d DCA 1997), that a challenge to reclassification of a felony based on possession or use of a weapon or a firearm pursuant to section 775.087(1) is appropriately raised in a motion to correct illegal sentence. The mandate was issued in Robinson's case on November 15, 1994, almost one month following the denial of the motion for rehearing in Tripp, and therefore, Robinson's case was not yet final when the decision in Tripp became law. Appellate courts are generally required to apply the law in effect at the time of their decision. See Love v. State, 559 So.2d 198 (Fla.1990). Here, Robinson was not given the benefit of Tripp, despite the fact his case was "in the pipeline."
Accordingly, we reverse with directions to the trial court to attach the jury finding that Robinson committed the crime of attempted first-degree murder while using a weapon. If no such jury finding exists, the trial court must resentence Robinson without the reclassification to a life felony. Tripp, 642 So.2d at 728.
To the extent that this opinion conflicts with footnote one in White indicating that the date White's crimes were committed was pertinent to our decision in that case, this court recedes from that decision.[1]
Reversed and remanded with directions.
PARKER, C.J., and DANAHY, CAMPBELL, SCHOONOVER, FRANK, THREADGILL, PATTERSON, ALTENBERND, BLUE, FULMER, QUINCE, WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] This court's conclusion that the form of the findings necessary for a determination that White committed his crimes using a firearm would be governed by State v. Overfelt, 457 So.2d 1385 (Fla.1984), not State v. Tripp, 642 So.2d 728 (Fla.1994), is incorrectly based on the fact that White's crimes were committed before the decision was issued in Tripp. This is a misstatement of the law. See Love v. State, 559 So.2d 198 (Fla.1990). The decision that Overfelt applied to White's case was correct, but for the wrong reason. White's appeal was final before the decision in Tripp issued, which controls the application of Overfelt to White; the date of the crime is not relevant to the analysis.