Corrected Opinion On Rehearing Denied

PER CURIAM.
On consideration of appellant’s motion to correct clerical errors in the opinion, the court withdraws the opinion issued February 27, 2002, and substitutes the following corrected opinion.
We treat the motion for rehearing en banc as including a motion for rehearing, and deny it.
Defendant-appellant Derrick Goree argues that his sentences for three counts of attempted second degree murder were im-permissibly enhanced to first degree felonies on account of a firearm. He contends that the sentences are illegal because of the absence of a specific interrogatory finding on the verdict form regarding use of a firearm. The verdicts were returned on November 6,1980.
On April 6, 1982, this court reversed the defendant’s sentences on unrelated counts in Goree v. State, 411 So.2d 1352, 1354 (Fla. 3d DCA 1982), and remanded for resentencing. The attempted second degree murder counts were not disturbed.
According to defendant, his resentencing took place on July 1, 1982. On July 13, this court announced Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). Defendant argues that under Streeter, the verdict forms in this case are insufficient to support the firearm finding necessary to enhance the offense of attempted second degree murder from a second degree felony to a first degree felony. Defendant was convicted of unlawful possession of a firearm while engaged in a criminal offense in separate counts in this case.
Defendant’s sentences for attempted second degree murder became final at the conclusion of his initial appeal. We conclude that Streeter was an evolutionary refinement in the law and is not retroactive. See Ryan v. State, 747 So.2d 434 (Fla. 4th DCA 1999); Lyons v. State, 690 So.2d 695 (Fla. 3d DCA 1997). Postconviction relief was correctly denied.
Rehearing denied.