PER CURIAM.
Matthew Alexander Dayes appeals his conviction for aggravated battery. We affirm.
Defendant-appellant Dayes and a code-fendant were charged with attempted second degree murder of Jean Toussaint. The defendant was convicted of aggravated battery as a lesser included offense.
The relevant part of the jury verdict form stated:
/ Guilty of Aggravated Battery as a lesser included offense
Using a firearm
/ Not using a firearm
R. 421.
The defendant argues that when the jury found that he had committed the crime without using a firearm, this necessarily negated an essential element of the crime of aggravated battery. He argues that the offense must be reduced to simple battery. See § 924.34, Fla. Stat. (1999).
The State argues that this issue was not timely presented in the trial court. For present purposes we treat the issue as having been timely presented. On the merits, however, we affirm.
In instructing on this lesser included offense, the trial court gave the instruction on the “deadly weapon” part of the aggra *59 vated battery statute. The relevant part of the statute provides that “[a] person commits aggravated battery who, in committing battery ... [u]ses a deadly weapon.” § 784.045(1)(a)2., Fla. Stat. (1999).[1] The trial court went on to give the “principal” instruction, informing the jury that it could convict if the defendant helped another person to commit the crime. TR. 832; see § 777.011, Fla. Stat. (1999); Fla. Std. Jury Instr. (Crim.) 3.01.
In the present case the evidence was that the defendant drove the codefendant to the encounter with the victims.[2] There was evidence that the defendant handed a handgun to the codefendant, who shot (but did not kill) victim Toussaint. The jury could conclude that the defendant gave assistance to the codefendant in shooting the victim, by driving the codefendant to the encounter and handing him the gun. It follows that the evidence amply supports the conviction of this defendant as a principal in the crime of aggravated battery.
The defendant argues that this is inconsistent with, and negated by, the jury finding that he was guilty of aggravated battery “[n]ot using a firearm.” The defendant is incorrect.
The purpose of the “Using a firearm” and “Not using a firearm” interrogatories is to determine whether the defendant personally possessed a firearm so as to require the mandatory minimum term of imprisonment under the Ten-Twenty-Life law. See § 775.087(2)(a)1., Fla. Stat. (1999). The requirement for an interrogatory verdict for purposes of a mandatory minimum term of imprisonment is set forth in State v. Overfelt, 457 So.2d 1385 (Fla.1984). See also State v. Tripp, 642 So.2d 728, 730 (Fla.1994).
Thus, there is no inconsistency. By its verdict the jury found that the defendant had assisted the shooter by handing him the weapon. However, the jury concluded that the defendant did not personally use the firearm during the actual shooting.
The trial court properly imposed judgment and sentence for the crime of aggravated battery, without a firearm mandatory minimum.
Affirmed.

. The crime date was February 15, 2000.

. The defendant and codefendant were charged in another count with the murder of another victim, but the defendant was acquitted of that count.