911 So.2d 140 (2005)
Michael SWAIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1034.
District Court of Appeal of Florida, Third District.
June 15, 2005.
Rehearing and Rehearing Denied October 5, 2005.
*141 Michael Swain, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before LEVY, C.J., and RAMIREZ and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied October 5, 2005.
ROTHENBERG, Judge.
Michael Swain appeals the trial court's denial of his second motion to correct illegal sentence, pursuant to Rule 3.800, Florida Rules of Criminal Procedure. We affirm.
On March 10, 1976, the defendant was convicted after a jury trial of the following: Count I, burglary of a dwelling with an assault; Count II, armed sexual battery; Count III, robbery; Count IV, burglary of a dwelling with an assault; Count V, armed sexual battery; and Count VI, robbery. The offenses all occurred on October 23, 1974. The first three offenses *142 were committed upon C.B. and the latter three were committed upon B.E.
On April 14, 1976, the trial court imposed the following sentences:
Count Iburglary with an assault: natural life
Count IIarmed sexual battery: 99 years consecutive to Count I
Count IIIrobbery: natural life consecutive to Count II
Count IVburglary with an assault: natural life concurrent to Count I
Count Varmed sexual battery: 99 years consecutive to Count III
Count VIrobbery: natural life consecutive to Count V
On November 16, 1976, this court affirmed the judgment and sentence on direct appeal. Swain v. State, 341 So.2d 305 (Fla. 3d DCA 1976)(unpublished table decision).
On August 8, 1978, the defendant filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 which was denied on July 31, 1978, and affirmed by this court on October 12, 1978. Swain v. State, 362 So.2d 715 (Fla. 3d DCA 1978).
On December 27, 1978, the defendant filed a petition seeking a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, claiming ineffective assistance of counsel and double jeopardy violations. None of the ineffective assistance of counsel claims are regarding the sentences imposed, and they were all denied. The federal district court, however, concluded that the convictions for burglary with an assault in Counts I and IV constituted double jeopardy as both burglaries occurred at the same dwelling, and therefore vacated the judgment and sentence in Count IV and remanded the case to the trial court for resentencing on the five remaining charges. Upon appeal by the defendant to the U.S. Circuit Court, the Fifth Circuit Court of Appeal affirmed. Swain v. Wainwright, 648 F.2d 1352 (5th Cir.1981).
On October 25, 1981, the defendant filed a second motion for postconviction relief which was denied on December 1, 1981, and affirmed by this court on February 16, 1982. Swain v. State, 409 So.2d 1176 (Fla. 3d DCA 1982).
In resentencing the defendant, on March 30, 1982, the trial court vacated the judgment and sentence in Count IV, but the sentences in the remaining five counts remained unchanged.
On November 13, 1986, the defendant filed another, his third, motion for postconviction relief, which was denied on December 18, 1986, and affirmed by this court on July 10, 1987. Swain v. State, 508 So.2d 352 (Fla. 3d DCA 1987). In this motion, the defendant again raised an ineffective assistance of counsel claim regarding jury selection; objected to the jury instructions given by the trial judge ten years earlier in 1976; and claimed that the 99-year sentences imposed in Counts II and V exceeded the maximum sentence authorized by law.
According to the defendant's Motion for Postconviction Relief filed on March 14, 2003, he filed a fourth motion for postconviction relief which was denied on June 22, 1989, and affirmed by this court on March 19, 1991. Swain v. State, 16 Fla. L. Weekly 743, 1991 WL 35283 (Fla. 3d DCA Mar. 19, 1991), opinion withdrawn and superseded on rehearing, Swain v. State, 579 So.2d 842 (Fla. 3d DCA 1991).
In 1996, the defendant sought habeas corpus relief from this court, claiming ineffective assistance of appellate counsel for failing to raise various trial issues including what he believed constituted improper questions posed by the trial judge and *143 sentencing by what he claims was a biased judge. This court denied these petitions on March 12, 1996, Swain v. Singletary, 670 So.2d 956 (Fla. 3d DCA 1996)(unpublished table decision), and April 7, 1997, Swain v. Singletary, 693 So.2d 38 (Fla. 3d DCA 1997)(unpublished table decision).
Undaunted, the defendant filed a motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), on April 15, 1997. In this motion, the defendant attacked the sentences imposed at his resentencing, specifically objecting to the imposition of consecutive sentences for offenses which occurred during a single criminal episode, and the fact that he was not present when resentenced. We note that when the defendant was resentenced on March 30, 1982, pursuant to the mandate issued in 1981 by the United States Court of Appeals, Fifth Circuit, the only change in his sentence was the vacating of Count IV. That motion was denied on May 14, 1998, and affirmed by this court on April 30, 1999. Swain v. State, 731 So.2d 674 (Fla. 3d DCA 1999)(unpublished table decision).
In 1998, while the defendant's motion to correct illegal sentence was pending in the trial court, he filed another petition for writ of habeas corpus with this court, requesting permission to file a belated appeal. His request was denied on April 1, 1998.
On or about December 12, 2001, the defendant filed the instant Rule 3.800 motion to correct illegal sentence, based upon the claims he previously raised in his November 13, 1986 third motion for postconviction relief, in his April 15, 1997 motion to correct illegal sentence, and in his petition for writ of habeas corpus in the U.S. District Court. The defendant claims that the 99-year sentences imposed in Counts II and V for armed sexual battery, are illegal sentences as they exceed the maximum sentence allowable by law, and that the separate convictions and sentences imposed for each count of robbery (Counts III and VI) violate the double jeopardy clause of the Fifth Amendment of the United States Constitution.
Prior to a ruling on the pending motion to correct illegal sentence, the defendant filed yet another Rule 3.850 motion for postconviction relief on March 14, 2003, and an amended motion for postconviction relief on March 17, 2003, which was denied by the trial court on March 18, 2003. The sole issue raised was on the claim of newly discovered evidence.
On August 29, 2003, the trial court ultimately ruled on the defendant's motion to correct illegal sentence, filed on December 12, 2001. The delayed ruling was apparently the result of extensions granted the state and amended motions filed by the defendant. It is this ruling which the defendant appeals herein and to which we affirm.
While the doctrine of res judicata may not apply to Rule 3.800 motions because the defendants may file successive Rule 3.800 motions, they are not limited by time, and the defendant is not required to raise all claims he could have raised in his first Rule 3.800 motion, the law of the case doctrine clearly precludes the review the defendant now seeks. The law of the case doctrine requires that "`questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.'" State v. McBride, 848 So.2d 287 (Fla.2003)(quoting Florida Dep't of Transp. v. Juliano, 801 So.2d 101 (Fla.2001)). While successive 3.800(a) motions are permitted even though the claims are those which could have been raised in previously filed 3.800(a) motions, and there is no time limit for seeking such relief, the *144 law of the case doctrine prevents a litigant from relitigating the same issues previously considered and rejected on the merits and reviewed on appeal. McBride, 848 So.2d at 289-290; Kelly v. State, 739 So.2d 1164, 1164 (Fla. 5th DCA 1999). As this appeal is based upon the trial court's denial of the same claims previously raised by the defendant and affirmed on appeal on the merits, the law of the case doctrine serves as a procedural bar herein.
The defendant's first claim is that the 99-year sentences imposed in Counts II and V for armed sexual battery exceed the maximum allowable sentence by law. This claim was raised in the defendant's November 13, 1986 motion for postconviction relief, which was denied by the trial court and affirmed by this court on July 10, 1989. Swain v. State, 508 So.2d 352 (Fla. 3d DCA 1987). While we conclude that this claim is procedurally barred, were we to address the merits, we would still affirm the trial court's denial of relief on this ground. The defendant was charged and convicted of committing sexual battery against two separate victims while armed with a knife. Pursuant to the applicable statutes, these offenses were life felonies punishable by life imprisonment or for a term of years not less than 30 years. See § 794.011(3), Fla. Stat. (Supp.1974); § 775.082(3)(a), Fla. Stat. (Supp.1974). While the verdict form did not require the jury to specifically find that the sexual batteries were committed with a knife, the Information clearly alleged that when these offenses were committed, the defendant was armed with a deadly weapon, i.e. a knife; both victims testified that when the defendant committed these offenses, he was armed with a knife; and the verdict form reflects that the jury found the defendant "guilty of sexual battery as alleged in the Information." In State v. Tripp, 642 So.2d 728 (Fla.1994), the Florida Supreme Court held that verdict forms must specifically provide for a finding by the jury that the defendant was armed with a deadly weapon. This court has, however, specifically found that the Tripp requirement is not retroactive. Goree v. State, 817 So.2d 979 (Fla. 3d DCA 2002); Lyons v. State, 690 So.2d 695 (Fla. 3d DCA 1997).
The defendant's second claim is that his convictions and sentences for two separate robberies during the same criminal episode, constitute double jeopardy. This claim was raised in the defendant's habeas corpus petition in the U.S. District Court, which was denied on the merits, and affirmed on appeal by the U.S. Circuit Court. Swain v. Wainwright, 648 F.2d 1352 (5th Cir.1981). The defendant also litigated this issue unsuccessfully in state court. Swain v. State, 731 So.2d 674 (Fla. 3d DCA 1999). While this second claim is clearly procedurally barred pursuant to the law of the case doctrine, we additionally conclude that it is also procedurally barred as a double jeopardy claim is a challenge to the conviction itself, not the sentence, and thus must be raised on direct appeal or in a Rule 3.850 motion for postconviction relief. As the defendant's convictions were affirmed on December 2, 1976, a Rule 3.850 claim would clearly be time barred. Additionally, the doctrine of res judicata would bar this claim, as res judicata applies to Rule 3.850 claims, which prohibits litigation of claims which could have been raised in the defendant's prior 3.850 motions.
We recognize that application of either res judicata or the law of the case doctrine will not bar relief where it would defeat the ends of justice. Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla.1965); McBride, at 291 (citing deCancino v. Eastern Airlines, Inc., 283 So.2d 97, 98 (Fla.1973)). In determining whether the denial *145 of the defendant's claims would result in manifest injustice when the claim(s) are raised pursuant to Florida Rule of Criminal Procedure 3.800, we are limited in our review, as the rule requires that the motion must affirmatively allege and the court records must demonstrate on their face an entitlement to relief. See Fla. R.Crim. P. 3.800(a)(stating that the motion must "affirmatively allege[] that the court records demonstrate on their face an entitlement to ... relief").
The defendant argues that while his double jeopardy claim may be procedurally barred, we should reverse the trial court's denial of his motion as the failure to do so would result in manifest injustice. In support of this argument, he relies on Castelberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981). In Hayes v. State, 748 So.2d 1042 (Fla. 3d DCA 1999), however, this court certified conflict with the Fifth District Court of Appeal in Castelberry, and the Florida Supreme Court approved this court's decision in Hayes and specifically disapproved the Fifth District's decision in Castelberry. Hayes v. State, 803 So.2d 695 (Fla.2001). The record reflects that each robbery was committed against separate victims. After sexually assaulting C.B. at knifepoint, the defendant demanded her money, and she handed over what she had. After sexually assaulting B.E. at knifepoint, he demanded her money and she too complied. The fact that they both resided at and were attacked in the same home is not dispositive. We therefore find no manifest injustice.
Affirmed.