965 So.2d 323 (2007)
John KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5319.
District Court of Appeal of Florida, Second District.
September 19, 2007.
PER CURIAM.
Affirmed. See Lyell v. State, 872 So.2d 447 (Fla. 2d DCA 2004); Nedd v. State, 855 So.2d 664 (Fla. 2d DCA 2003).
WHATLEY and CASANUEVA, JJ., Concur.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I fully concur in the per curiam opinion. However, I write to point out a possible problem arising from this court's previous review in case number 2D04-3509 of another *324 of Mr. Knight's convictions, circuit court case number CRC94-09266CFANO.
In that case, Mr. Knight was convicted of attempted second-degree murder. The jury's verdict stated: "The defendant is Guilty of Attempted Murder in the Second Degree, a lesser included offense." On the basis of an allegation in the information of the use of a firearm, the trial court reclassified the conviction from a second-degree felony to a first-degree felony and imposed a guidelines upward departure sentence of thirty years in prison along with a firearm mandatory minimum sentence of three years in prison.
In 2000, Mr. Knight challenged his sentence by a postconviction motion claiming that, on account of the jury not making a sufficient finding of his use of a firearm, his conviction was illegally reclassified from a second-degree to a first-degree felony and the firearm mandatory minimum sentence was illegally imposed.
The State conceded that the firearm mandatory minimum was illegal due to an insufficient jury finding, and the trial court struck it. However, the State argued that the jury verdict was sufficient to support the reclassification relying upon Miller v. State, 460 So.2d 373 (Fla.1984), and Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987).
Unfortunately, the State overlooked the later Florida Supreme Court opinion in State v. Tripp, 642 So.2d 728 (Fla.1994). Tripp held that a jury verdict which "found Tripp guilty of `charges made against him in the Information'" was insufficient to allow reclassification of attempted first-degree murder from a first-degree felony to a life felony, even though "the information alleged that Tripp used a weapon during the commission of attempted first-degree murder." Tripp, 642 So.2d at 730. In Tucker v. State, 726 So.2d 768, 772 (Fla.1999), the court reaffirmed its holding in Tripp.
Even though Mr. Knight committed his offense before the Tripp opinion issued on July 7, 1994, he was sentenced on April 17, 1995, and his conviction and sentence did not become final until August 21, 1996. Therefore, Tripp is controlling precedent. See Robinson v. State, 704 So.2d 161 (Fla. 2d DCA 1997) (en banc).
Under Tucker and Tripp, it would appear that Mr. Knight's conviction should not have been reclassified from a second-degree to a first-degree felony and his thirty-year prison sentence exceeds the statutory maximum sentence of fifteen years in prison for a second-degree felony.
In 2004, Mr. Knight challenged his sentence by a motion to correct an illegal sentence again claiming that, on account of the jury not making a sufficient finding of his use of a firearm, his conviction was illegally reclassified from a second-degree to a first-degree felony. The trial court determined that this claim was procedurally barred as successive. On appeal, this court affirmed without opinion and apparently without realizing the illegality of the sentence.
However, this proceeding is not a challenge to the sentence for the attempted second-degree murder conviction. Because the term of court in which the decision in 2D04-3509 was issued has expired, this court has no jurisdiction to reopen that case. See State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla.1981).
I am inclined to believe that Mr. Knight's sentence is facially illegal and constitutes the type of manifest injustice that the trial court could and should review if Mr. Knight files with the circuit court another motion to correct an illegal sentence pursuant to Florida Rule of *325 Criminal Procedure 3.800(a) challenging the sentence imposed in circuit court case number CRC94-09266CFANO. See State v. McBride, 848 So.2d 287 (Fla.2003); Cillo v. State, 913 So.2d 1233 (Fla. 2d DCA 2005); Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999). Correction of that sentence may entitle Mr. Knight to an immediate release from prison.