DAMOORGIAN, J.
Defendant appeals his judgment and sentence on two counts of armed sexual battery, one count of armed kidnapping, and one count of resisting an officer with violence, raising three issues for our consideration. We write only to address defendant’s argument that, because the jury rendered a special verdict that he did not possess a firearm, he was improperly convicted and sentenced for armed sexual battery and armed kidnapping. We reverse and remand for resentencing on this issue as to the armed kidnapping conviction and sentence only. We affirm defendant’s judgment and sentence on his remaining counts of armed sexual battery and resisting an officer with violence.
By way of background, defendant was driving around at nighttime in his car and pulled up to a convenience store. Defendant yelled out to the victim who was talking with her friends outside of the store. After the victim approached defendant’s car, defendant opened the passenger-side door, grabbed the victim by her dress, and told her to get in the car or else she would be shot. Once in the car, the victim noticed that defendant had a black automatic gun. After driving for some time, defendant stopped at a house, and while holding the victim at gunpoint, walked with her to the home’s backyard. The victim and defendant then entered a sleeping tent built inside the yard’s empty pool.
While holding the gun on the victim, defendant pulled the victim’s dress up and touched various parts of her body. Defendant also had oral sex with the victim and *205 attempted to have vaginal sex with her. Defendant stopped after hearing a dog barking in a neighbor’s yard. The victim and defendant then left the home in defendant’s car. The defendant placed the gun on his lap while driving with the victim, and eventually dropped her off near a friend’s home. The victim went directly to the friend’s house and contacted the police.
Shortly thereafter, the police discovered the home where the incidents occurred based on a description given by the victim. At some point, defendant pulled into the driveway of the home and proceeded to approach the front door of the house. One of the police officers on the scene identified himself and gave defendant verbal commands to show his hands. Defendant taunted the officer, yelling profanity and ignoring his commands. A physical struggle ensued between the officer and defendant until defendant was subdued after other officers arrived on the scene. No gun was ever discovered on defendant, in his car, or in the tent.
At trial, defendant testified that the victim was a prostitute and that he only asked the victim to perform sexual acts on herself while they were in the tent. Thereafter, the victim asked defendant for money while they were driving as payment for her services. In response, defendant pulled over and told the victim to get out of his car. The victim became upset and spiteful, threatening to call the police. Defendant denied ever possessing a gun or raping and kidnapping the victim.
Ultimately, the jury found defendant guilty on two counts of armed sexual battery, one count of armed kidnapping, and one count of resisting an officer with violence. In a special verdict interrogatory,[1] the jury found that defendant did not possess a firearm while committing the crimes of armed sexual battery and armed kidnapping.
At his sentencing hearing, defendant argued that he could not be convicted and sentenced on two counts of armed sexual battery and one count of armed kidnapping because of the jury’s special verdict, finding that he did not possess a firearm during the commission of the crimes. The trial court disagreed, adjudicating defendant guilty and imposing three consecutive life sentences on him for these crimes. The court also adjudicated defendant guilty on his one count of resisting an officer with violence and sentenced him to five years in prison, running concurrent to the armed kidnapping sentence. The court further designated defendant as a sexual predator. Defendant then filed the instant appeal.
While his appeal was pending, defendant filed a Florida Rule of Criminal Procedure 3.800(b) motion, alleging again that he was improperly convicted and sentenced on his crimes for armed sexual battery and armed kidnapping. Defendant likewise based his argument on the jury’s special verdict that he did not possess a firearm. The trial court did not rule on the motion, and therefore, it is deemed denied.[2]
On appeal, defendant continues with the same argument presented at his sentencing hearing and in his rule 3.800(b) motion. In response, the State contends that defendant’s convictions and life sentences were proper because, even though the jury rendered a special verdict that defendant did not possess a gun, the jury *206 could have found with its guilty verdicts that defendant threatened to use a gun while committing the crimes. The State further argues that defendant may not challenge his convictions in a rule 3.800(b) motion because rule 3.800(b) may only be used to correct sentencing errors.[3] Defendant’s argument is correct as to his armed kidnapping conviction and sentence only.
Defendant was charged, by information, with (a) two counts of armed sexual battery, pursuant to section 794.011(3), Florida Statutes (2006),[4] and (b) one count of armed kidnapping, pursuant to section 787.01(l)(a)2., Florida Statutes (2006),[5] and section 775.087(l)(a), Florida Statutes (2006).[6]
Based on section 794.011(3), a defendant may commit armed sexual battery if he uses a deadly weapon, threatens to use a deadly weapon, or uses actual physical force likely to cause serious personal injury. § 794.011(3), Fla. Stat. As part of its instruction on the elements of armed sexual battery, the trial court instructed the jury that it must determine whether defendant used or threatened to use a deadly weapon. Given this instruction, the jury’s special verdict that defendant did not possess a firearm does not preclude a conviction for armed sexual battery because the jury could have determined that defendant threatened to use a firearm. Therefore, the trial court did not err in adjudicating defendant guilty on two counts of armed sexual battery and in sentencing him to life in prison since armed sexual battery is a life felony. See § 794.011(3), Fla. Stat.
With regards to kidnapping, section 787.01(l)(a)2. does not provide, as part of the elements for kidnapping, that a defendant may be convicted of armed kidnapping by using or threatening to use a deadly weapon. Moreover, on its own, kidnapping is a first-degree felony. See § 787.01(2), Fla. Stat. (2006). In order to reclassify kidnapping from a first-degree felony to a life felony, a defendant must, while committing kidnapping, either (a) carry, display, use, threaten to use, or attempt to use a weapon or firearm, or (b) commit an aggravated battery. § 775.087(l)(a), Fla. Stat. The jury must *207 make a separate factual finding to this effect via a special verdict before the trial court may reclassify kidnapping as a life felony. See State v. Tripp, 642 So.2d 728, 730 (Fla.1994) (holding that, before a crime may be reclassified under section 775.087, the jury must either (a) find the defendant guilty of a crime involving a weapon or firearm, or (b) answer a specific question on a special verdict form regarding the defendant’s use of a weapon or firearm).
In this case, the trial court instructed the jury that, if it found that defendant committed kidnapping, but did not possess a firearm, then it should find him guilty of kidnapping, not armed kidnapping. Based on this instruction, the jury should not have found defendant guilty of armed kidnapping since it rendered the special verdict that he did not possess a firearm. Therefore, the trial court erred in adjudicating defendant guilty of armed kidnapping. The court also erred in sentencing defendant to life in prison pursuant to section 775.087(l)(a), given the jury’s special verdict and the lack of any other factual findings regarding defendant’s use of a firearm. See Tripp, 642 So.2d at 730.
We, therefore, reverse defendant’s conviction and sentence for armed kidnapping, and remand for the trial court to adjudicate defendant guilty of kidnapping and to resentence him accordingly. We find no merit to defendant’s remaining arguments and affirm his conviction and sentence on two counts of armed sexual battery and one count of resisting an officer with violence.

Affirmed in part, Reversed in part, and Remanded.

MAY and GERBER, JJ., concur.

. The trial court instructed the jury that, if it found defendant guilty of armed sexual battery and armed kidnapping, it must answer the following question on the verdict form: "During the course of the crime committed, did defendant actually possess a firearm?”

. See Fla. R.Crim. P. 3.800(b)(1)(B) ("Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied." (emphasis added)).

. Although the State correctly argues that defendant may not challenge his armed sexual battery and armed kidnapping convictions in a rule 3.800(b) motion, see Echeverria v. State, 949 So.2d 331, 335 (Fla. 1st DCA 2007), we hold that defendant has preserved his argument for review because it was raised at his sentencing hearing.

. Section 794.011(3) provides:
A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 794.0115.
§ 794.011(3), Fla. Stat. (emphasis added).

. Section 787.01(l)(a)2. states: "(l)(a) The term 'kidnapping' means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to ... 2. Commit or facilitate commission of any felony.” § 787.01(l)(a)2„ Fla. Stat.

.Section 775.087(l)(a) provides:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
§ 775.087(l)(a), Fla. Stat. (emphasis added).