# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1213
Lower Tribunal No. F98-18923
_____

**Jessie McGee,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Jessie McGee, in proper person.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before HENDON, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Jessie McGee, was convicted of one count of possession of a firearm by a convicted felon, in violation of section 790.23(1), Florida Statutes, and sentenced to thirty years in prison with a ten-year minimum mandatory as a habitual violent felony offender.[1]  He subsequently filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  In his motion, he contended he had not previously been convicted of the requisite predicate offense to sustain his designation as a habitual violent felony offender.  See § 775.084, Fla. Stat.  Applying Florida Rule of Criminal Procedure 3.850, the trial court summarily denied the motion as successive.  The instant appeal ensued.

On appeal, the State concedes the trial court erred in treating the facially sufficient motion as successive under rule 3.850.[2]  See Bover v. State, 797 So. 2d 1246, 1251 (Fla. 2001) ("[T]he adjudication of a defendant as a habitual offender when the requisite sequential felonies do not exist may be corrected as an illegal sentence pursuant to rule 3.800(a) so long as the error is apparent from the face of the record.").  Nonetheless, invoking the doctrines of collateral estoppel and law of the case, it urges a "tipsy

---

[1] This court previously affirmed McGee's conviction and sentence.  See McGee v. State, 790 So. 2d 425 (Fla. 3d DCA 2001).

[2] A motion challenging the legality of a sentence filed pursuant to rule 3.800 may be raised at any time except during the period provided for filing a rule 3.800(b) motion.  Fla. R. Crim. P. 3.800(a)(1).

coachman" affirmance. Finding that the issue raised before the lower tribunal was squarely adjudicated by way of a previously affirmed court order, and McGee has failed to demonstrate manifest injustice capable of determination from the face of the record, we affirm. See McGee v. State, 129 So. 3d 1078 (Fla. 3d DCA 2013); see also State v. McBride, 848 So. 2d 287 (Fla. 2003) (finding collateral estoppel may operate as a bar to a successive motion to correct an illegal sentence); Swain v. State, 911 So. 2d 140, 143-44 (Fla. 3d DCA 2005) ("While successive 3.800(a) motions are permitted even though the claims are those which could have been raised in previously filed 3.800(a) motions, and there is no time limit for seeking such relief, the law of the case doctrine prevents a litigant from relitigating the same issues previously considered and rejected on the merits and reviewed on appeal.") (citations omitted).

Affirmed.